# Exhibit K



PROCURADURÍA GENERAL DEL ESTADO
REPÚBLICA DEL ECUADOR

Edificio Amazonas Plaza
Av. Amazonas N39-123 y Arizaga
+593 2 2941300
www.pge.gob.ec
@PGEcuador

Oficio No.    07740

Quito DM,   04 FEB 2020

Señor Ingeniero
Fernando Larrea Ron
**GERENTE GENERAL**
**EMPRESA PÚBLICA FLOTA PETROLERA ECUATORIANA EP FLOPEC**
En su despacho.-

De mi consideración:

Me refiero a su oficio No. EPFLOPEC-GGR-010-2020 de 22 de enero de 2020, ingresado a esta Procuraduría el mismo día con No. 06293-2020-AD-IS, mediante el cual solicita:

> *"(...) emitir la respectiva autorización para pactar con Ley Inglesa y sometimiento arbitral de la ciudad de Londres con la compañía armadora MJOLNER SOLUTIONS CHARTERING LLC domiciliada en Majuro, Islas Marshall. (...)"*

Al respecto, cúmpleme manifestar lo siguiente:

1.    **ANTECEDENTES:**

1.1.    De su oficio y documentos anexos, se desprende que la Empresa Pública Flota Petrolera Ecuatoriana EP FLOPEC celebrará un "Contrato de Fletamento" (en adelante "Contrato") con la compañía MJOLNER SOLUTIONS CHARTERING LLC.

1.2.    La compañía MJOLNER SOLUTIONS CHARTERING LLC se encuentra domiciliada en Majuro, Islas Marshall.

1.3.    El Contrato a suscribirse entre EP FLOPEC (en calidad de fletador) y la compañía MJOLNER SOLUTIONS CHARTERING LLC. (en calidad de armador) tendría por objeto contratar al buque tanque ALYARMOUK en la modalidad "a tiempo", por un período de 180 días.

1.4.    En su oficio No EPFLOPEC-GGR-010-2020 señala que:

> *"(...) las Partes escogen la jurisdicción de Inglaterra y el procedimiento arbitral en la ciudad de Londres, de acuerdo a la cláusula que expongo a continuación, misma que sustituirá en su integridad al texto de la cláusula "4.1 Law and*



PROCURADURÍA GENERAL DEL ESTADO
REPUBLICA DEL ECUADOR



Edificio Amazonas Plaza
Av. Amazonas N39-123 y Arizaga
+593 2 2941300
www.pge.gob.ec
@PGEcuador

*Página. 2*

*Litigation" del formato internacional 'SHELLTIME 4', cuya copia adjunto. (...)".*

Conviene señalar que el texto que se sustituiría no es la Cláusula 4.1, como lo indica en su oficio, sino la cláusula 46 del documento denominado "SHELLTIME 4".

Por otra parte, el texto cuya autorización se solicita es el siguiente:

*"ARBITRATION CLAUSE*

*This contract shall be governed by and construed in accordance with English Law and any dispute arising out of or in connection with this contract shall be referred to arbitration in London in accordance with the Arbitration Act 1996 or any statutory modification or reenactment thereof save to extent necessary to give effect to provisions of this Clause.*

*The arbitration shall be conducted in accordance with the London Maritime Arbitrators Association (LMAA) terms current at the time of Time Charter Party date.*

*The arbitration shall be in accordance with English Law and shall be heard and determined by a sole arbitrator. A party wishing to refer a dispute to arbitration shall send its notice of appointment of the sole arbitrator providing the names of a minimum of 3 arbitrators to enable the other party to confirm its agreement to one of the aforesaid arbitrators as the sole arbitrator within 28 calendar days of that notice. If the other party does not confirm its agreement to one of the three arbitrators as the sole arbitrator within the 28 days specified, at request of any of the parties, the London Maritime Arbitrators Association (LMAA) shall appoint the sole arbitrator who shall be a full member of the association, provided that such member shall be other than those arbitrators included by the party wishing to refer a dispute to arbitration in its notice of appointment of the sole arbitrator.*

*The award shall be final and binding.*

*The sole arbitrator shall decide the parties' dispute in accordance with the laws or rules of the law chosen by the parties as applicable to the merits of their dispute.*

*The parties shall pay, by equal parts, the fee of the sole arbitrator. Both parties shall also pay, by equal parts the administrative charges incurred in the arbitration Nevertheless, the sole arbitrator in its own criteria condemn the losing parties ti pay the fees, costs and redeem the charges that the arbitration proceeding could demand, as considered convenient. "*

La traducción no oficial al idioma español del texto citado es la siguiente:

*CLÁUSULA ARBITRAL*



**PROCURADURÍA GENERAL DEL ESTADO**
REPUBLICA DEL ECUADOR

○ **Edificio Amazonas Plaza**
  Av. Amazonas N39-123 y Arizaga
☎ +593 2 2941300
✉ www.pge.gob.ec
🐦 @PGEcuador

**07740**    *Página. 3*

*Este contrato se regirá e interpretará de conformidad con la legislación inglesa, y cualquier disputa que surja de o se relacione a este contrato se remitirá a un arbitraje en Londres de conformidad con la Ley de Arbitraje de 1996 o cualquier reforma legal o nueva promulgación de la misma, salvo en la medida necesaria para dar efecto a las disposiciones de esta Cláusula.*

*El arbitraje se llevará a cabo de acuerdo a los términos de la Asociación de Árbitros Marítimos de Londres (LMAA por sus siglas en inglés) vigentes a la fecha del contrato de fletamento.*

*El arbitraje se regirá por la legislación inglesa y será atendido y determinado por un árbitro único. La parte que desee someter una disputa a arbitraje deberá enviar su notificación de nombramiento del árbitro único y proporcionar los nombres de al menos 3 árbitros para permitir que la otra parte confirme su acuerdo con uno de los árbitros mencionados, dentro de los 28 días calendario de dicho aviso. Si dentro de los 28 días especificados la otra parte no confirma su acuerdo para que uno de los tres árbitros actúe como árbitro único, a solicitud de cualquiera de las partes, la Asociación de Árbitros Marítimos de Londres (LMAA) nombrará al árbitro único que será miembro de pleno derecho de la asociación, siempre que dicho miembro sea distinto de aquellos árbitros incluidos por la parte que desee remitir una disputa a arbitraje en su notificación de nombramiento de árbitro único.*

*El laudo será definitivo y vinculante.*

*El árbitro único resolverá las disputas de las partes de acuerdo con las leyes o reglas de la legislación elegida por las partes como aplicable a los méritos de su disputa.*

*Las partes pagarán, en partes iguales, los honorarios del árbitro único. Ambas partes también pagarán, en partes iguales, los costos administrativos incurridos en el arbitraje. Sin embargo, el árbitro único, bajo su propio criterio, podrá condenar a la parte perdedora a pagar los honorarios, costas y restitución de los posibles costos del arbitraje, según considere conveniente.*

## 2.    BASE NORMATIVA:

La legislación nacional aplicable respecto de la posibilidad de pactar arbitraje internacional y someterse a legislación extranjera es la siguiente:

**2.1.**    Artículo 190 de la Constitución de la República del Ecuador que reconoce al arbitraje como un mecanismo de solución de controversias.

**2.2.**    Artículo 225 de la Constitución de la República del Ecuador que contiene el detalle de las entidades que pertenecen al sector público, entre las que se incluye a las entidades creadas por la Constitución o la ley para el ejercicio de la potestad



PROCURADURÍA GENERAL DEL ESTADO
REPÚBLICA DEL ECUADOR

Edificio Amazonas Plaza
Av. Amazonas N39-123 y Arízaga
+593 2 2941300
www.pge.gob.ec
@PGEcuador

*Página. 4*

estatal, para la prestación de servicios públicos o para desarrollar actividades económicas asumidas por el Estado.

**2.3.** Artículo 4 de la Ley Orgánica de Empresas Públicas que determina que este tipo de compañías son entidades pertenecientes al sector público.

**2.4.** Decreto Ejecutivo No. 1117 de 26 de marzo de 2012, publicado en el Registro Oficial No. 681 de 12 de abril del mismo año, reformado mediante Decreto Ejecutivo No. 38 de 01 de junio de 2013, que crea la Empresa Pública Flota Petrolera Ecuatoriana EP FLOPEC.

**2.5.** Disposición General Quinta del Código Orgánico de Planificación y Finanzas Públicas que establece el requerimiento de autorización del Procurador General del Estado, para que las entidades del sector público puedan someterse a legislación extranjera.

**2.6.** Artículo 4 de la Ley de Arbitraje y Mediación que establece los requisitos que deben cumplir las entidades del sector público para poder someterse a arbitraje.

**2.7.** Artículo 41 de la Ley de Arbitraje y Mediación que establece los casos en los cuales se puede pactar arbitraje internacional.

**2.8.** Artículo 42 de la Ley de Arbitraje y Mediación que determina que las entidades del sector público requieren de un informe favorable previo del Procurador General del Estado para pactar arbitraje internacional.

**2.9.** Inciso primero del artículo 4 del Código Orgánico de Planificación y Finanzas Públicas que señala que se encuentran sometidos a este código todos los organismos, entidades e instituciones comprendidos en los artículos 225 de la Constitución de la República.

**2.10.** Artículo 3, numeral 11 del Reglamento Orgánico Funcional de la Procuraduría General del Estado que establece, como parte de las competencias del Procurador General del Estado, emitir pronunciamiento previo favorable para la suscripción de convenios en los que instituciones del sector público se sometan a otra jurisdicción y legislación para la solución de divergencias o controversias.

**2.11.** Inciso final del artículo 11 de la Ley Orgánica de la Procuraduría General del Estado que establece que, previo a pactar arbitraje internacional, las entidades del sector público deberán contar con la autorización del Procurador General del Estado.

**2.12.** Letra c) del artículo 1 del Instructivo para solicitar al Procurador General del Estado, Autorización para el Sometimiento a Arbitraje Nacional, Internacional, Ley y Jurisdicción Extranjeras, que establece que las instituciones detalladas en el



**PROCURADURÍA GENERAL DEL ESTADO**
REPUBLICA DEL ECUADOR

Edificio Amazonas Plaza
Av. Amazonas N39-123 y Arizaga
+593 2 2941300
www.pge.gob.ec
@PGEcuador

**07740**    *Página. 5*

artículo 225 de la Constitución de la República requerirán de la autorización del Procurador General del Estado, en todos los contratos celebrados por el Estado y las entidades y organismos del sector público con gobiernos, entidades extranjeras públicas o privadas, en los que se acepte jurisdicción y se someta a ley extranjera.

## 3.    NATURALEZA:

De conformidad con las normas antes mencionadas, al ser EP FLOPEC una entidad perteneciente al sector público, debe someterse a las disposiciones señaladas en el acápite precedente. Por lo tanto, respecto al proyecto de Contrato materia del presente análisis, se requiere la autorización de la Procuraduría General del Estado para pactar arbitraje internacional y someterse a legislación extranjera, para la solución de divergencias relativas a contratos que celebre la mencionada empresa pública con entidades extranjeras públicas o privadas.

## 4.    ANÁLISIS:

De la revisión del texto de la Cláusula Arbitral ("Arbitration Clause") remitida mediante oficio No. EPFLOPEC-GGR-010-2020 de 22 de enero de 2020 y que remplazará a la cláusula 46 del documento denominado "SHELLTIME 4", se desprende lo siguiente:

**4.1.**    El Contrato se regirá e interpretará de conformidad con la normativa inglesa, lo cual se justifica en razón de que las partes han elegido una legislación neutral ajena a la de sus respectivos domicilios.

**4.2.**    Por la razón antes señalada, se justifica también que la sede del arbitraje sea la ciudad de Londres, Inglaterra, y que el arbitraje se sustancie de conformidad con la Ley de Arbitraje de 1996, o con cualquier reforma legal o nueva promulgación de la misma, salvo en la medida necesaria para dar efecto a las disposiciones de la cláusula.

**4.3.**    El arbitraje se llevará a cabo de acuerdo a los términos de la Asociación de Árbitros Marítimos de Londres, vigentes a la fecha del Contrato.

**4.4.**    Según el párrafo tercero de la cláusula arbitral cuya aprobación ha sido por usted solicitada, el arbitraje será conducido por un árbitro único, cuyo nombramiento se dará acorde al procedimiento estipulado en dicha cláusula.

**4.5.**    Si las partes no llegan a un acuerdo respecto del nombramiento del árbitro único, la Asociación de Árbitros Marítimos de Londres lo nombrará.

**4.6.**    El laudo será definitivo y vinculante.



PROCURADURÍA GENERAL DEL ESTADO
REPUBLICA DEL ECUADOR

Edificio Amazonas Plaza
Av. Amazonas N39-123 y Arizaga
+593 2 2941300
www.pge.gob.ec
@PGEcuador

*Página. 6*

**4.7.** El árbitro único resolverá cualquier disputa surgida entre las partes, con sujeción a la legislación que los contratantes acuerden como aplicable al fondo de la controversia.

## 5. RECOMENDACIONES.

La cláusula cuya autorización se solicita, es decir, la denominada "Arbitration Clause" que remplazará a la cláusula 46 del documento denominado "SHELLTIME 4", establece que el laudo será definitivo y vinculante, aludiendo (de manera tácita) a que sobre el fallo que se expida no cabría apelación alguna. Sobre este particular, se recomienda a título de salvedad, el siguiente añadido "(...) *Sin perjuicio de las acciones de anulación y/o ejecución permitidas para estos casos, por las normas que resultaren aplicables (...)*".

El efecto jurídico de la recomendación mencionada no es un condicionamiento que impida suscribir el Contrato en los términos constantes en el documento adjunto a su pedido de autorización. La recomendación es el resultado de un análisis técnico que no es de cumplimiento obligatorio y es emitida en uso de la facultad asesora, de la Procuraduría prevista en el artículo 237 de la Constitución de la República.

## 6. AUTORIZACIÓN.

De conformidad con el análisis realizado y en virtud de lo dispuesto en las normas citadas en el acápite 2 de este oficio, en particular los artículos 190 de la Constitución de la República del Ecuador, 11 de la Ley Orgánica de la Procuraduría General del Estado, 4 y 42 de la Ley de Arbitraje y Mediación y la Disposición General Quinta del Código Orgánico de Planificación y Finanzas Públicas, se autoriza a la Empresa Pública Flota Petrolera Ecuatoriana EP FLOPEC a someterse a legislación extranjera y pactar arbitraje internacional en las controversias que llegaren a surgir del contrato de fletamento que suscribirá con la compañía MJOLNER SOLUTIONS CHARTERING LLC., domiciliada en Majuro, Islas Marshall, para contratar, en la modalidad "a tiempo", el buque tanque ALYARMOUK.

Este oficio se refiere única y exclusivamente a la cláusula denominada "Arbitration Clause" (Arbitration Clause) remitida por usted mediante oficio No. EPFLOPEC-GGR-010-2020 de 22 de enero de 2020 y que remplazará a la cláusula 46 del documento denominado "SHELLTIME 4". Por lo tanto, las condiciones operativas, económicas y técnicas, así como el cumplimiento de los requisitos legales necesarios para la suscripción del mismo, son de exclusiva responsabilidad de EP FLOPEC.

La Procuraduría General del Estado se reserva la facultad de verificar la redacción final de la cláusula que ha sido objeto de este pronunciamiento, para lo cual, EP FLOPEC deberá remitir a esta entidad una copia del contrato una vez que sea suscrito.



PROCURADURÍA GENERAL DEL ESTADO
REPUBLICA DEL ECUADOR

Edificio Amazonas Plaza
Av. Amazonas N39-123 y Arízaga
+593 2 2941300
www.pge.gob.ec
@PGEcuador

07740                    Página. 7

Se aclara que, la presente autorización hace relación de forma exclusiva a la cláusula arbitral que consta en el oficio No. EPFLOPEC-GGR-010-2020 de 22 de enero de 2020; por lo tanto, cualquier variación en dicha cláusula, se considerará como no autorizada.

Finalmente, se advierte que cualquier modificación a dicha cláusula o la inclusión de cualquier estipulación contractual que pueda afectar su sentido, aplicación o alcance, deberá ser previamente autorizada por esta Procuraduría.

Atentamente,

Dr. Íñigo Salvador Crespo
**PROCURADOR GENERAL DEL ESTADO**

**English Translation Created by DeepL.com**



Edificio Amazonas Plaza
Av. Amazonas N39-123 y Arizaga
+593 2 2941300
www.pge.gob.ec
@PGEcuador

Official Letter No.    0 7 7 4 O

Quito DM,    **0 4 FEB 2020**

**Mr.** Fernando Larrca
Ron, Engineer
GENERAL
MANAGER
r.łYíPRESA PFJBŁICA FLOTA **PETROLERA EC** U ATØR IONA **EP FLOPEC**
In your office.


 Dear Sir:


 I refer to your letter î'Jo. EPFLOPGC          GR-010-2020 dated January 22, 2020,
received by this Office on the same day under No. 06293-2020-AD-US, subject:
cual solicita:

> *"(... eniiiir la rea'pectiva ‹ititori-aciãn pore paclar can* Le- *łn$teso ş soiiieii»iteyio orbtii-ał de to Ciłtdad de I ridres con to ‹:ompańla armadoro MJOLNER SOLUTIONS PHARTF.RING ttC d-i iciliad• err tJayiiro, Islos* has/ruff. (...j "

In this regard, I am pleased to state the

1.      following: ANTM CED RNTES:

1.1. From your letter and the attached documents, it appears that the Ecuadorian Public Oil Tanker Fleet (FLOPEC) entered into a "Charter Agreement" (hereinafter "Agreement") with the company MJOLNER SOLUTIONS CHARTERING LLC.

1.2.    The company MJOLNER SOLUTIONS CHARTERING PLC is domiciled in Majuru, fsłøs Gfarsúall-

1.3.    The contract to be signed between BP FLOPEC (as charterer) and MJOLNER SOLUTIONS CHARTERING LLC. (as shipowner) shall have the purpose of contracting 41 vessels named ALYARMOUK on a "time charter" basis for a period of 180 days.

1.4.    In its official letter No. EPFLOPûC-GGk-0I 0-2020, it states that:

> *"(...) the Panel is responsible for ruling on* questions of interpretation *and the arbitration procedure in accordance with the Law, from* the moment of *payment to the moment of delivery, even if the clause is included in the contract.›iiegridod at iexlo de fo rJóiisiila "d. I* Law' *and*



PROCURADURÍA GENERAL DEL ESTADO
REPUBLICA DE. ECUADOR

9 Amazonas Plaza
Building
Av. Amazonas N39-123 and
Arizaga
2 2941300
m  **www.pge.gob.ec**
W @PGEcuador

*Página. 2*

*Litigation" of the international format **'SHELLTIME 4'**, a copy of which is attached.*

It should be noted that the text to be replaced is not Clause 4.1, as indicated in your letter, but Clause 46 of the document entitled 'SHELLTIME 4'.

Furthermore, the text for which authorization is requested is as follows:

*"**ARBITRATION CLAUSE***

*This contract shall be governed by and construed in accordance with English Law and any dispute arising out of or in connection with this contract shall be referred to arbitration in London in accordance with the Arbitration Act 1996 or any statutory modification or reenactment thereof, save to the extent necessary to give effect to the provisions of this Clause.*

*The arbitration shall be conducted in accordance with the London Maritime Arbitrators Association (LMAA) terms current at the time of the Time Charter Party date.*

*The arbitration shall be in accordance with English Law and shall be heard and determined by a sole arbitrator. A party wishing to refer a dispute to arbitration shall send its notice of appointment of the sole arbitrator providing the names of a minimum of three arbitrators to enable the other party to confirm its agreement to one of the aforementioned arbitrators as the sole arbitrator within 28 calendar days of that notice. If the other party does not confirm its agreement to one of the three arbitrators as the sole arbitrator within the 28 days specified, at the request of any of the parties, the London Maritime Arbitrators Association (LMAA) shall appoint the sole arbitrator who shall be a full member of the association, provided that such member shall be other than those arbitrators included by the party wishing to refer a dispute to arbitration in its notice of appointment of the sole arbitrator.*

*The award shall be final and binding.*

*The sole arbitrator shall decide the parties' dispute in accordance with the laws or rules of the law chosen by the parties as applicable to the merits of their dispute.*

*The parties shall pay, in equal parts, the fee of the sole arbitrator. Both parties shall also pay, in equal parts, the administrative charges incurred in the arbitration. Nevertheless, the sole arbitrator, at his or her discretion, may order the losing parties to pay the fees, costs, and redeem the charges that the arbitration proceedings may demand, as deemed appropriate.*

The unofficial translation into Spanish of the quoted text is as follows:

*ARBITRATION CLAUSE*

PROCURADURÍA GENERAL DEL ESTADO
REPÚBLICA DEL ECUADOR

Amazonas Plaza
Av. Amazonas N59-125 y Arízaga
*593 2 2941300
**www.pge.gob.ec**
W @PGEcuador

0774 0     "o"

*This contract shall be governed by and construed in accordance with English law, and any dispute arising out of or in connection with this contract shall be referred to arbitration in London in accordance with the Arbitration Act 1996 or any statutory reform or re-enactment thereof, except to the extent necessary to give effect to the provisions of this Clause.*

*The arbitration shall be conducted in accordance with the terms of the London Maritime Arbitrators Association (LMAA) in force on the date of the charter party.*

*The arbitration shall be governed by English law and shall be heard and determined by a sole arbitrator. The party wishing to submit a dispute to arbitration shall send its notice of appointment of the sole arbitrator and provide the names of at least 3 arbitrators to allow the other party to confirm its agreement with one of the arbitrators mentioned, within 28 calendar days of such notice. If within the specified 28 days the other party does not confirm its agreement for one of the three arbitrators to act as sole arbitrator, at the request of either party, the London Maritime Arbitrators Association (LMAA) shall appoint the sole arbitrator, who shall be a full member of the association, provided that such member is not one of the arbitrators included by the party wishing to refer a dispute to arbitration in its notice of appointment of sole arbitrator.*

*The award shall be final and binding.*

*The sole arbitrator shall resolve the parties' disputes in accordance with the laws or rules of the jurisdiction chosen by the parties as applicable to the merits of their dispute.*

*The parties shall pay, in equal shares, the fees of the sole arbitrator. Both parties shall also pay, in equal shares, the administrative costs incurred in the arbitration. However, the sole arbitrator may, at his or her discretion, order the losing party to pay the fees, costs, and reimbursement of any arbitration costs, as he or she deems appropriate.*

## 2.    LEGAL BASIS:

The applicable national legislation regarding the possibility of agreeing to international arbitration and submitting to foreign legislation is as follows:

2.1.    Article 190 of the Constitution of the Republic of Ecuador, which recognizes arbitration as a mechanism for dispute resolution.

2.2.    Article 225 of the Constitution of the Republic of Ecuador, which contains details of the entities belonging to the public sector, including those created by the Constitution or by law to exercise public authority.



9   Amazonas Plaza Building
    Av. Amazonas N39-123 and
    Arízaga 2941300
    m www.pge.gob.ec
    W @PGEcuador

Página. 4

PROCURADURÍA GENERAL DEL ESTADO

to provide public services or to carry out economic activities undertaken by the State.

2.3.  Article 4 of the Organic Law on Public Companies, which determines that these types of companies are entities belonging to the public sector.

2.4. Executive Decree No. 1117 of March 26, 2012, published in Official Register No. 681 of April 12 of the same year, amended by Executive Decree No. 38 of June 1, 2013, which creates the Ecuadorian Oil Fleet Public Company EP FLOPEC.

2.5.  Fifth General Provision of the Organic Code of Planning and Public Finance, which establishes the requirement of authorization from the Attorney General of the State for public sector entities to be subject to foreign legislation.

2.6. Article 4 of the Arbitration and Mediation Law, which establishes the requirements that public sector entities must meet in order to submit to arbitration.

2.7. Article 41 of the Arbitration and Mediation Law, which establishes the cases in which international arbitration may be agreed upon.

2.8. Article 42 of the Arbitration and Mediation Law, which determines that public sector entities require a prior favorable report from the Attorney General of the State in order to agree to international arbitration.

2.9. Paragraph one of Article 4 of the Organic Code of Planning and Public Finance, which states that all agencies, entities, and institutions covered by Article 225 of the Constitution of the Republic are subject to this code.

2.10.  Article 3, paragraph 11 of the Organic Functional Regulations of the Attorney General's Office, which establishes that one of the powers of the Attorney General is to issue a prior favorable opinion for the signing of agreements in which public sector institutions submit to another jurisdiction and legislation for the resolution of differences or disputes.

2.11.  Final paragraph of Article 11 of the Organic Law of the Attorney General's Office, which establishes that, prior to agreeing to international arbitration, public sector entities must obtain the authorization of the Attorney General.

2.12.  Letter c) of Article l of the Instructions for requesting authorization from the Attorney General of the State for submission to national or international arbitration, foreign law, and foreign jurisdiction, which establishes that the institutions detailed in



i t' 8 ' i It: t if l?U

Amazonas Plaza
9 Av Amazonasw39l2SyArüaga
*593 2 2941SO0
m www.pge.gob.ec W
@PCEcuador

0 7740       "''" ˢ

Article 225 of the Constitution of the Republic shall require the authorization of the Attorney General of the State in all contracts entered into by the State and public sector entities and agencies with foreign governments, public or private entities, in which jurisdiction is accepted and foreign law is applied.

## 3.    NATURE:

In accordance with the aforementioned regulations, as EP FLOPEC is a public sector entity, it must comply with the provisions set forth in the preceding section. Therefore, with regard to the draft contract that is the subject of this analysis, the authorization of the Attorney General's Office is required to agree to international arbitration and submit to foreign legislation for the resolution of disputes relating to contracts entered into by the aforementioned public company with foreign public or private entities.

## 4.    ANALYSIS:

From the review of the text of the Arbitration Clause submitted by official letter No. EPFLOPEC-GGR-010-2020 dated January 22, **2020, which** will replace clause 46 of the document entitled "SHELLTIME 4," the following can be inferred:

4.1.    The Contract shall be governed by and interpreted in accordance with English law, which is justified on the grounds that the parties have chosen a neutral jurisdiction other than that of their respective domiciles.

4.2.    For the reason stated above, it is also justified that the seat of arbitration be the city of London, England, and that the arbitration be conducted in accordance with the Arbitration Act 1996, or any legal reform or new enactment thereof, except to the extent necessary to give effect to the provisions of the clause.

4.3.    The arbitration shall be conducted in accordance with the terms of the London Maritime Arbitrators Association, in force on the date of the Contract.

4.4.    According to the third paragraph of the arbitration clause whose approval you have requested, the arbitration shall be conducted by a sole arbitrator, whose appointment shall be made in accordance with the procedure stipulated in said clause.

4.5.    If the parties fail to agree on the appointment of the sole arbitrator, the London Maritime Arbitrators Association shall appoint him.

4.6.    The award shall be final and binding.



**PROCURADURÍA GENERAL DEL ESTADO**

Amazonas Plaza Building
Ⴤ Av. Amazonas N39-J23 y Arizaga
+593 2 2941500
m www.pge.gob.ec
M @PGEcuador

*Página. 6*

4.7.    The sole arbitrator shall resolve any dispute arising between the parties, subject to the legislation that the contracting parties agree is applicable to the substance of the dispute.

## 5.  RECOMMENDATIONS.

The clause for which authorization is requested, namely the "Arbitration Clause" that will replace clause 46 of the document entitled "SHELLTIME 4," establishes that the award shall be final and binding, implying (tacitly) that no appeal may be lodged against the ruling issued. In this regard, it is recommended, as a caveat, to add the following: "(...) *Without prejudice to the actions of annulment and/or enforcement permitted in such cases by the applicable rules {...j."*

The legal effect of the aforementioned recommendation is not a condition that prevents the signing of the Contract under the terms set forth in the document attached to your request for authorization. The recommendation is the result of a technical analysis that is not mandatory and is issued in the exercise of the advisory powers of the Attorney General's Office provided for in Article 237 of the Constitution of the Republic.

## 6.  AUTHORIZATION.

In accordance with the analysis carried out and by virtue of the provisions of the regulations cited in section 2 of this official letter, in particular Articles 190 of the Constitution of the Republic of Ecuador, Article 11 of the Organic Law of the Attorney General's Office, Articles 4 and 42 of the Arbitration and Mediation Law, and General Provision Five of the Organic Code of Planning and Public Finance, the Ecuadorian Public Oil Fleet Company EP FLOPEC is authorized to submit to foreign legislation and agree to international arbitration in any disputes that may arise from the charter contract it will sign with the company MJOLNER SOLUTIONS CHARTERING LLC., domiciled in Majuro, Marshall Islands, to contract, on a "time" basis, the tanker ALYARMOUK.

This letter refers solely and exclusively to the clause entitled "Arbitration Clause" submitted by you in letter No. EPFLOPEC-GGR-010-2020 dated January 22, 2020, which will replace clause 46 of the document entitled "SHELLTIME 4." Therefore, the operational, economic, and technical conditions, as well as compliance with the legal requirements necessary for its subscription, are the sole responsibility of EP FLOPEC.

The Attorney General's Office reserves the right to verify the final wording of the clause that has been the subject of this ruling, for which purpose EP FLOPEC must send this entity a copy of the contract once it has been signed.



REPUBLICA DEL ECUADOR

EdBlcŁo Arrtezorias RlaM
@    Av. Amazsøø N3g•1M y Arfzega

07740          Página. 7

It is hereby clarified that this authorization relates exclusively to the arbitration clause contained in official letter EPFLOPEC-CiGR-010-2020 dated January 22, 2020; therefore, any variation in said clause shall be considered unauthorized.

Finally, it is hereby advised that any modification to said clause or the inclusion of any cualquier estipulación contractual que afecte su meaning, application, or scope must be previously authorized by the Attorney General's Office.

Sincerely,

Dr. Íñigo Salvador Cr¢spo
ATTORNEY GENERAL          ESTADO