# Exhibit L



Edificio Amazonas Plaza
Av. Amazonas N39-123 y Arízaga
+593 2 2941300
www.pge.gob.ec
@PGEcuador

**Oficio No.  08621**

Quito DM, 16 de abril de 2020

Ingeniero
Jaime Condoy Blacio
**GERENTE GENERAL**
**EMPRESA PÚBLICA FLOTA PETROLERA ECUATORIANA EP FLOPEC**
En su despacho.-

Señor Gerente General:

Me refiero a su oficio No. EPFLOPEC-GGR-0060-2020 de 09 de abril 2020, ingresado a esta Procuraduría el mismo día con No. 06898-2020-AD-IS, mediante el cual solicita:

> *"(...) la respectiva autorización para pactar con Ley Inglesa y sometimiento arbitral de la ciudad de Londres con la compañía armadora CORE TRANSPORT LLC domiciliada en Delaware, Estados Unidos de Norte América."*

**1.    ANTECEDENTES:**

**1.1.**    La empresa pública Flota Petrolera Ecuatoriana EP FLOPEC (en adelante "FLOPEC") es una persona jurídica de derecho público.

**1.2.**    La empresa CORE TRANSPORT LLC, es una corporación domiciliada en Delaware, Estados Unidos de América, conforme consta en su comunicación.

**1.3.**    FLOPEC suscribirá un convenio de fletamento (en adelante "Contrato") con la compañía CORE TRANSPORT LLC, para contratar al buque tanque "SEA FALCON", en la modalidad "A TIEMPO", para lo cual ha remitido el proyecto de instrumento en idioma inglés.

**1.4.**    Conforme consta en los términos de su comunicación, la cláusula 46 "Law and Litigation" del proyecto de Contrato será sustituida por la cláusula "Arbitration Clause" constante en su oficio, la cual establece lo siguiente:



Edificio Amazonas Plaza
Av. Amazonas N39-123 y Arízaga
+593 2 2941300
www.pge.gob.ec
@PGEcuador

*Página. 2*

*"ARBITRATION CLAUSE*

*This contract shall be governed by and construed in accordance with English Law and any dispute arising out of or in connection with this contract shall be referred to arbitration in London in accordance with the Arbitration Act 1996 or any statutory modification or reenactment thereof save to extent necessary to give effect to the provisions of this Clause.*

*The arbitration shall be conducted in accordance with the London Maritime Arbitrators Association (LMAA) terms current at the time of Time Charter Party date.*

*The arbitration shall be in accordance with English Law and shall be heard and determined by a sole arbitrator. A party wishing to refer a dispute to arbitration shall send its notice of appointment of the sole arbitrator providing the names of a minimum of 3 arbitrators to enable the other party to confirm its agreement to one of the aforesaid arbitrators as the sole arbitrator within 28 calendar days of that notice. If the other party does not confirm its agreement to one of the three arbitrators as the sole arbitrator within the 28 days specified, at request of any of the parties, the London Maritime Arbitrators Association (LMAA) shall appoint the sole arbitrator who shall be a full member of the association, provided that such member shall be other than those arbitrators included by the party wishing to refer a dispute to arbitration in its notice of appointment of the sole arbitrator.*

*The award shall be final and binding.*

*The sole arbitrator shall decide the parties dispute in accordance with the laws or rules of the law chosen by the parties as applicable to the merits of their dispute.*

*The parties shall pay, by equal parts, the fee of the sole arbitrator. Both parties shall also pay, by equal parts the administrative charges incurred in the arbitration. Nevertheless, the sole arbitrator in its own criteria condemn the losing parties to pay the fees, cost and redeem the charges that the arbitration proceeding could demand, as considered convenient."*

La traducción no oficial al español del texto que precede es la siguiente:

*"CLÁUSULA DE ARBITRAJE*

*Este contrato se regirá e interpretará de conformidad con la legislación inglesa. Cualquier disputa que surja de o en relación con este contrato, se remitirá a un arbitraje en Londres de conformidad con la Ley de Arbitraje de 1996 o cualquier modificación legal o reforma de la misma, salvo en la medida necesaria para dar vigencia a las disposiciones de esta Cláusula.*





Edificio Amazonas Plaza
Av. Amazonas N39-123 y Arízaga
+593 2 2941300
www.pge.gob.ec
@PGEcuador

*Página. 3*

*El arbitraje se llevará a cabo de acuerdo con los términos de la Asociación de Árbitros Marítimos de Londres (LMAA, por sus siglas en inglés), vigentes en la fecha del contrato de fletamento Time Charter Party.*

*El arbitraje se realizará de acuerdo con la ley inglesa y será escuchado y determinado por un árbitro único. La parte que desee someter una disputa a arbitraje deberá enviar su notificación de nombramiento del árbitro único, proporcionando los nombres de al menos 3 árbitros para permitir que la otra parte confirme que está de acuerdo con uno de los árbitros mencionados como el árbitro único, dentro de los 28 días calendario de dicho aviso. Si la otra parte no confirma su acuerdo con uno de los tres árbitros como el árbitro único dentro de los 28 días especificados, a solicitud de cualquiera de las partes, la Asociación de Árbitros Marítimos de Londres (LMAA) nombrará al árbitro único que será miembro de pleno derecho de la asociación, siempre que dicho miembrosea uno distinto de los árbitros incluidos por la parte que desee remitir una disputa a arbitraje en su aviso de nombramiento de árbitro único.*

*El laudo será definitivo y vinculante.*

*El árbitro único decidirá las disputas de las partes de acuerdo con las leyes o reglas de la ley elegida por las partes como aplicable a los méritos de su disputa.*

*Las partes pagarán, en partes iguales, los honorarios del árbitro único. Ambas partes también pagarán, en partes iguales, los costos administrativos incurridos en el arbitraje. Sin embargo, el árbitro único bajo su propio criterio podrá condenar a la parte perdedora a pagar los honorarios, costas y restituir los costos que el procedimiento de arbitraje podría exigir, según se considere conveniente."*

## 2.    BASE NORMATIVA:

La normativa aplicable respecto de la posibilidad de pactar arbitraje internacional y legislación extranjera es:

**2.1.**    Artículo 190 de la Constitución de la República que reconoce al arbitraje como un mecanismo de solución de controversias.

**2.2.**    Artículo 225, numeral 3 de la Constitución de la República que determina, entre los organismos que comprenden el sector público, a aquellos creados por la Constitución o la ley para el ejercicio de la potestad estatal, para la prestación de servicios públicos o para desarrollar actividades económicas asumidas por el Estado.





*Página. 4*

**2.3.** Artículo 313 de la Constitución de la República que establece como sector estratégico el transporte y la refinación de hidrocarburos.

**2.4**. Artículo 315 de la Constitución de la República que establece que el Estado constituirá empresas públicas para la gestión de sectores estratégicos, la prestación de servicios públicos, el aprovechamiento sustentable de recursos naturales o de bienes públicos y el desarrollo de otras actividades económicas

**2.5.** Artículo 1 de la Ley Orgánica de Empresas Públicas que establece el ámbito de aplicación de esa ley, en virtud del cual se regula la constitución, organización, funcionamiento, fusión, escisión y liquidación de las empresas públicas.

**2.6.** Artículo 1 del Decreto Ejecutivo No. 1117 de 26 de marzo de 2012, publicado en el Registro Oficial No. 681 de 12 de abril del mismo año, reformado mediante el Decreto Ejecutivo No. 38 de 01 de julio de 2013, publicado en el Registro Oficial Suplemento No. 44 de 25 del mismo mes y año, a través del cual se creó FLOPEC, con domicilio en la ciudad de Esmeraldas, provincia de Esmeraldas; y, se estableció como objeto social de dicha empresa, la transportación de hidrocarburos por vía marítima desde y hacia los puertos nacionales y extranjeros; prestación de servicios de transporte comercial, marítimo y fluvial de hidrocarburos y sus derivados, y demás actividades relacionadas.

**2.7.** Artículo 4 de la Ley de Arbitraje y Mediación que establece los requisitos que debe contener un convenio arbitral y aquellos que, de manera específica, deben observar las instituciones del sector público.

**2.8.** Artículo 41 de la Ley de Arbitraje y Mediación que determina que un arbitraje podrá ser internacional cuando las partes así lo hubieren pactado, y siempre que se cumplan cualquiera de las siguientes condiciones: "a) que las partes, al momento de la celebración del convenio arbitral, tengan sus domicilios en estados diferentes; b) cuando el lugar de cumplimiento de una parte sustancial de las obligaciones o el lugar en el cual el objeto del litigio tenga una relación más estrecha, esté situado fuera del estado en que, por lo menos una de las partes tiene su domicilio; o, c) cuando el objeto del litigio se refiera a una operación de comercio internacional que sea susceptible de transacción y que no afecte o lesione los intereses nacionales o de la colectividad".

**2.9.** Artículo 42 de la Ley de Arbitraje y Mediación que señala que, para que las diferentes entidades que conforman el sector público puedan someterse a arbitraje internacional, se requerirá la autorización expresa de la máxima autoridad de la institución respectiva, previo el informe favorable del Procurador General del Estado.

**2.10.** Disposición General Quinta del Código Orgánico de Planificación y Finanzas Públicas, que dispone que la autorización del Procurador General del Estado es





*Página. 5*

indispensable para someterse a otra jurisdicción y legislación, para solucionar controversias relativas a contratos celebrados por el Estado u organismos del sector público con gobiernos, entidades públicas o privadas extranjeras.

**2.11.** Artículo 3, numeral 11 del Reglamento Orgánico Funcional de esta Procuraduría, conforme al cual, es función del Procurador General del Estado emitir pronunciamiento previo favorable para la suscripción de convenios arbitrales relativos a contratos celebrados por el Estado y las entidades y organismos del sector público, de conformidad con la Constitución y la ley.

## 3.   NATURALEZA:

De conformidad con lo prescrito en el artículo 225 y 315 de la Constitución de la República, al ser FLOPEC una persona jurídica creada por decreto ejecutivo, al amparo de lo dispuesto en la Ley Orgánica de Empresas Públicas, es parte del sector público; y, por tanto, debe someterse a las disposiciones señaladas en el acápite precedente.

En tal virtud, requiere de la autorización previa del Procurador General del Estado para pactar arbitraje internacional y legislación extranjera, para la solución de divergencias relativas a contratos que celebre dicha entidad con entidades extranjeras, públicas o privadas.

## 4.   ANÁLISIS:

De la revisión del texto acordado por las partes, transcrito en el acápite 1.4 de este oficio, se desprende lo siguiente:

**4.1.** El Contrato se regirá e interpretará de conformidad con la legislación inglesa, lo cual guarda conformidad con la Disposición General Quinta del Código Orgánico de Planificación y Finanzas Públicas, que establece que puede aceptarse otra legislación para la solución de divergencias o controversias relativas a contratos celebrados por el Estado y las entidades y organismos del sector público, con gobiernos, entidades públicas o privadas extranjeras.

**4.2.** Las partes han decidido someter sus controversias a arbitraje internacional en los siguientes términos:

    **4.2.1** Cualquier disputa que surja de o en relación al Contrato se remitirá a un arbitraje en Londres, Inglaterra, de conformidad con la Ley de Arbitraje de 1996 o cualquier modificación legal o reforma de la misma.

    **4.2.2** El arbitraje se llevará a cabo de acuerdo con los términos de la Asociación de Árbitros Marítimos de Londres ("LMAA", por sus siglas en inglés),





Edificio Amazonas Plaza
Av. Amazonas N39-123 y Arízaga
+593 2 2941300
www.pge.gob.ec
@PGEcuador

*Página. 6*

vigentes en la fecha del contrato de fletamento. Por lo tanto, éstas serán las reglas aplicables al procedimiento arbitral.

**4.2.3**   El arbitraje será resuelto por un árbitro único.

**4.2.4**   La parte que desee someter una disputa a arbitraje, deberá enviar su notificación de nombramiento del árbitro único, y proporcionar los nombres de al menos 3 árbitros para permitir que la otra parte confirme que está de acuerdo con alguno de ellos.

**4.2.5.**   La parte que recibe la notificación tendrá 28 días calendario para confirmar a uno de los tres árbitros como árbitro único.

**4.2.6**   Si la otra parte no confirma su acuerdo con uno de los tres árbitros dentro de los 28 días especificados, a solicitud de cualquiera de las partes, la Asociación de Árbitros Marítimos de Londres (LMAA) nombrará al árbitro único, que será otro distinto a aquellos que integran la terna propuesta por la parte que inició el arbitraje.

**4.2.7**   El laudo será definitivo y vinculante.

**4.2.8**   El árbitro único decidirá las disputas de las partes de acuerdo con las leyes o reglas elegidas por estas como aplicables a los méritos de su disputa. Por lo tanto, el arbitraje será en derecho.

**4.2.9**   Las partes pagarán, en igual proporción, los honorarios del árbitro único y los costos administrativos incurridos en el arbitraje.

**4.3.**   La cláusula arbitral cumple con los requisitos adicionales establecidos en el artículo 4 de la Ley de Arbitraje y Mediación, para que las diferentes entidades que conforman el sector público puedan someterse al arbitraje.

**4.4.**   Se verifica que se cumplen los requisitos establecidos en el artículo 41 de la Ley de Arbitraje y Mediación, para que pueda pactarse arbitraje internacional.

**4.5**   Se observa que el convenio arbitral no contiene disposiciones contrapuestas que puedan afectar su interpretación en conjunto o aplicación simultánea, ni contiene elementos patológicos que podrían invalidarlo, razón por la cual, se lo considera procedente.

## 5.    RECOMENDACÍON:

En el párrafo cuarto de la cláusula arbitral se señala que: "*El laudo será definitivo y vinculante*"; por lo tanto, se recomienda su modificación por el siguiente texto:




Edificio Amazonas Plaza
Av. Amazonas N39-123 y Arízaga
+593 2 2941300
www.pge.gob.ec
@PGEcuador

*Página. 7*

> *"El laudo será definitivo y vinculante, excepto para efectos de anulación y ejecución."*

El texto en inglés sería el siguiente:

> *"The award shall be final and binding, except for purposes of setting aside and enforcement."*

El efecto jurídico de la recomendación mencionada no es un condicionamiento que impida a FLOPEC suscribir el contrato de fletamento con la compañía CORE TRANSPORT LLC, en los términos constantes en el documento adjunto a su pedido de autorización. Las recomendaciones son el resultado de un análisis técnico que no es de cumplimiento obligatorio y son emitidas en uso de la facultad asesora de esta Procuraduría, prevista en el artículo 237 de la Constitución de la República.

## 6.    AUTORIZACIÓN:

De conformidad con el análisis realizado y en virtud de lo dispuesto en las normas citadas en el segundo acápite de este oficio, en particular los artículos 190 y 225 de la Constitución de la República del Ecuador; 4, 41 y 42 de la Ley de Arbitraje y Mediación; y, la Disposición General Quinta del Código Orgánico de Planificación y Finanzas Públicas, se autoriza a FLOPEC a pactar arbitraje internacional y legislación extranjera en el Contrato que suscribirá con la compañía CORE TRANSPORT LLC.

Este pronunciamiento se refiere única y exclusivamente a lo estipulado en la cláusula "Arbitration Clause" constante en su oficio, misma que, según se desprende de los documentos remitidos a esta Procuraduría, reemplazaría a la cláusula 46 "Law and Litigation" del proyecto de contrato de fletamento. Por lo tanto, las condiciones económicas y técnicas, así como el cumplimiento de los requisitos legales necesarios para la suscripción y validez del mismo, son de exclusiva responsabilidad de FLOPEC.

De conformidad con el inciso cuarto del artículo 42 de la Ley de Arbitraje y Mediación, en forma previa a la suscripción de dicho documento, para el sometimiento a arbitraje internacional, se deberá contar con la autorización expresa de la máxima autoridad de FLOPEC.

La Procuraduría General del Estado se reserva la facultad de verificar la redacción final de las disposiciones que han sido objeto de este pronunciamiento, para lo cual, una vez que el instrumento sea suscrito, se deberá remitir una copia a esta entidad, junto con todos los documentos que lo integren.



PROCURADURÍA GENERAL DEL ESTADO
REPÚBLICA DEL ECUADOR



Edificio Amazonas Plaza
Av. Amazonas N39-123 y Arízaga
+593 2 2941300
www.pge.gob.ec
@PGEcuador

*Página. 8*

Finalmente, se advierte que cualquier modificación al texto de las disposiciones objeto de este pronunciamiento, o la inclusión de cualquier estipulación que pueda afectar su sentido, aplicación o alcance, deberá ser previamente autorizada por esta institución.

Atentamente,

Dr. Íñigo Salvador Crespo
**PROCURADOR GENERAL DEL ESTADO**

**English Translation Created by DeepL.com**



Edificio Amazonas Plaza
Av. Amazonas N39-123 y Arízaga
+593 2 2941300
www.pge.gob.ec
@PGEcuador

**Official Letter No. 08621**

Quito DM, April 16, 2020

Engineer
Jaime Condoy Blacio
**GENERAL MANAGER**
**ECUADORIAN OIL FLEET PUBLIC COMPANY EP FLOPEC**
In your office.

Dear General Manager:

I refer to your letter No. EPFLOPEC-GGR-0060-2020 dated April 9, 2020, received by this Office on the same day under No. 06898-2020-AD-IS, in which you request:

> *"(...) the respective authorization to agree to English law and arbitration in the city of London with the shipping company CORE TRANSPORT LLC, domiciled in Delaware, United States of America."*

**1.      BACKGROUND:**

**1.1.**     The public company Flota Petrolera Ecuatoriana EP FLOPEC (hereinafter "FLOPEC") is a legal entity under public law.

**1.2.**     The company CORE TRANSPORT LLC is a corporation domiciled in Delaware, United States of America, as stated in its communication.

**1.3.**     FLOPEC will sign a charter agreement (hereinafter "Contract") with the company CORE TRANSPORT LLC to hire the tanker "SEA FALCON" on a "TIME" basis, for which it has submitted the draft instrument in English.

**1.4.**     As stated in the terms of your communication, clause 46, "Law and Litigation," of the draft contract will be replaced by the "Arbitration Clause" contained in your letter, which establishes the following:



**PROCURADURÍA GENERAL DEL ESTADO**
REPÚBLICA DEL ECUADOR

Edificio Amazonas Plaza
Av. Amazonas N39-123 y Arízaga
+593 2 2941300
www.pge.gob.ec
@PGEcuador

*Page. 2*

**"ARBITRATION CLAUSE**

*This contract shall be governed by and construed in accordance with English Law and any dispute arising out of or in connection with this contract shall be referred to arbitration in London in accordance with the Arbitration Act 1996 or any statutory modification or reenactment thereof save to extent necessary to give effect to the provisions of this Clause.*

*The arbitration shall be conducted in accordance with the London Maritime Arbitrators Association (LMAA) terms current at the time of the Time Charter Party date.*

*The arbitration shall be in accordance with English Law and shall be heard and determined by a sole arbitrator. A party wishing to refer a dispute to arbitration shall send its notice of appointment of the sole arbitrator providing the names of a minimum of 3 arbitrators to enable the other party to confirm its agreement to one of the aforesaid arbitrators as the sole arbitrator within 28 calendar days of that notice. If the other party does not confirm its agreement to one of the three arbitrators as the sole arbitrator within the 28 days specified, at the request of any of the parties, the London Maritime Arbitrators Association (LMAA) shall appoint the sole arbitrator who shall be a full member of the association, provided that such member shall be other than those arbitrators included by the party wishing to refer a dispute to arbitration in its notice of appointment of the sole arbitrator.*

*The award shall be final and binding.*

*The sole arbitrator shall decide the parties' dispute in accordance with the laws or rules of law chosen by the parties as applicable to the merits of their dispute.*

*The parties shall pay, in equal parts, the fee of the sole arbitrator. Both parties shall also pay, in equal parts, the administrative charges incurred in the arbitration. Nevertheless, the sole arbitrator may, at his or her discretion, order the losing parties to pay the fees, costs, and charges that the arbitration proceedings may entail, as deemed appropriate.*

The unofficial translation into Spanish of the preceding text is as follows:

**"ARBITRATION CLAUSE**

*This contract shall be governed by and construed in accordance with English law. Any dispute arising out of or in connection with this contract shall be referred to arbitration in London in accordance with the Arbitration Act 1996 or any legal amendment or reform thereof, except to the extent necessary to give effect to the provisions of this Clause.*




PROCURADURÍA GENERAL DEL ESTADO
REPÚBLICA DEL ECUADOR

*Page. 3*

*The arbitration shall be conducted in accordance with the terms of the London Maritime Arbitrators Association (LMAA) in force on the date of the Time Charter Party.*

*The arbitration shall be conducted in accordance with English law and shall be heard and determined by a sole arbitrator. The party wishing to submit a dispute to arbitration shall send its notice of appointment of the sole arbitrator, providing the names of at least 3 arbitrators to allow the other party to confirm that it agrees with one of the arbitrators mentioned as the sole arbitrator, within 28 calendar days of such notice. If the other party does not confirm its agreement with one of the three arbitrators as the sole arbitrator within the specified 28 days, at the request of either party, the London Maritime Arbitrators Association (LMAA) shall appoint the sole arbitrator who shall be a full member of the association, provided that such member is one other than the arbitrators included by the party wishing to refer a dispute to arbitration in its notice of appointment of sole arbitrator.*

*The award shall be final and binding.*

*The sole arbitrator shall decide the parties' disputes in accordance with the laws or rules of law chosen by the parties as applicable to the merits of their dispute.*

*The parties shall pay, in equal shares, the fees of the sole arbitrator. Both parties shall also pay, in equal shares, the administrative costs incurred in the arbitration. However, the sole arbitrator may, at his or her discretion, order the losing party to pay the fees, costs, and reimburse the expenses that the arbitration proceedings may require, as deemed appropriate.*

## 2.    REGULATORY BASIS:

The applicable regulations regarding the possibility of agreeing to international arbitration and foreign legislation are:

**2.1.**    Article 190 of the Constitution of the Republic, which recognizes arbitration as a mechanism for dispute resolution.

**2.2.**    Article 225, paragraph 3 of the Constitution of the Republic, which determines, among the bodies comprising the public sector, those created by the Constitution or by law for the exercise of state power, for the provision of public services, or for the development of economic activities undertaken by the State.




Edificio Amazonas Plaza
Av. Amazonas N39-123 y Arízaga
+593 2 2941300
www.pge.gob.ec
@PGEcuador

*Page. 4*

**2.3.** Article 313 of the Constitution of the Republic, which establishes the transportation and refining of hydrocarbons as a strategic sector.

**2.4.** Article 315 of the Constitution of the Republic, which establishes that the State shall establish public companies for the management of strategic sectors, the provision of public services, the sustainable use of natural resources or public goods, and the development of other economic activities.

**2.5.** Article 1 of the Organic Law on Public Companies, which establishes the scope of application of that law, by virtue of which the constitution, organization, operation, merger, spin-off, and liquidation of public companies are regulated.

**2.6.** Article 1 of Executive Decree No. 1117 of March 26, 2012, published in Official Register No. 681 of April 12 of the same year, amended by Executive Decree No. 38 of July 1, 2013, published in Official Register Supplement No. 44 of July 25 of the same month and year, through which FLOPEC was created, with its registered office in the city of Esmeraldas, province of Esmeraldas; and the corporate purpose of said company was established as the transportation of hydrocarbons by sea to and from national and foreign ports; the provision of commercial, maritime, and river transportation services for hydrocarbons and their derivatives, and other related activities.

**2.7.** Article 4 of the Arbitration and Mediation Law establishes the requirements that an arbitration agreement must contain and those that, specifically, must be observed by public sector institutions.

**2.8.** Article 41 of the Arbitration and Mediation Law determines that arbitration may be international when the parties have so agreed, and provided that any of the following conditions are met: "a) that the parties, at the time of entering into the arbitration agreement, have their domiciles in different states; b) when the place of performance of a substantial part of the obligations or the place where the subject matter of the dispute has a closer connection is located outside the state in which at least one of the parties is domiciled; or c) when the subject matter of the dispute relates to an international trade transaction that is susceptible to settlement and does not affect or harm national or community interests."

**2.9.** Article 42 of the Arbitration and Mediation Law states that, in order for the different entities that make up the public sector to submit to international arbitration, the express authorization of the highest authority of the respective institution is required, following a favorable report from the Attorney General.

**2.10.** Fifth General Provision of the Organic Code of Planning and Public Finance, which provides that the authorization of the Attorney General is





Edificio Amazonas Plaza
Av. Amazonas N39-123 y Arízaga
+593 2 2941300
www.pge.gob.ec
@PGEcuador

*Page. 5*

indispensable for submitting to another jurisdiction and legislation in order to resolve disputes relating to contracts entered into by the State or public sector bodies with foreign governments, public or private entities.

**2.11.** Article 3, paragraph 11 of the Organic Functional Regulations of this Office, according to which it is the function of the Attorney General to issue a prior favorable ruling for the signing of arbitration agreements relating to contracts entered into by the State and public sector entities and agencies, in accordance with the Constitution and the law.

**3.    NATURE:**

In accordance with the provisions of Articles 225 and 315 of the Constitution of the Republic, FLOPEC, being a legal entity created by executive decree under the provisions of the Organic Law on Public Companies, is part of the public sector and must therefore comply with the provisions set forth in the preceding paragraph.

As such, it requires the prior authorization of the Attorney General to agree to international arbitration and foreign legislation for the resolution of disputes relating to contracts entered into by said entity with foreign entities, whether public or private.

**4.    ANALYSIS:**

From the review of the text agreed upon by the parties, transcribed in section 1.4 of this document, the following can be inferred:

**4.1.** The Contract shall be governed by and interpreted in accordance with English law, which is in accordance with General Provision Five of the Organic Code of Planning and Public Finance, which establishes that other legislation may be accepted for the resolution of differences or disputes relating to contracts entered into by the State and public sector entities and agencies with foreign governments, public or private entities.

**4.2.** The parties have decided to submit their disputes to international arbitration on the following terms:

**4.2.1** Any dispute arising out of or in connection with the Contract shall be referred to arbitration in London, England, in accordance with the Arbitration Act 1996 or any legal amendment or reform thereof.

**4.2.2** The arbitration shall be conducted in accordance with the terms of the London Maritime Arbitrators Association ("LMAA").



PROCURADURÍA GENERAL DEL ESTADO
REPÚBLICA DEL ECUADOR



Edificio Amazonas Plaza
Av. Amazonas N39-123 y Arízaga
+593 2 2941300
www.pge.gob.ec
@PGEcuador

*Page. 6*

in force on the date of the charter agreement. Therefore, these will be the rules applicable to the arbitration proceedings.

**4.2.3**  The arbitration shall be decided by a sole arbitrator.

**4.2.4**  The party wishing to submit a dispute to arbitration shall send its notice of appointment of the sole arbitrator and provide the names of at least three arbitrators to allow the other party to confirm its agreement with one of them.

**4.2.5.**  The party receiving the notice shall have 28 calendar days to confirm one of the three arbitrators as the sole arbitrator.

**4.2.6**  If the other party does not confirm its agreement with one of the three arbitrators within the specified 28 days, at the request of either party, the London Maritime Arbitrators Association (LMAA) shall appoint the sole arbitrator, who shall be different from those on the shortlist proposed by the party that initiated the arbitration.

**4.2.7**  The award shall be final and binding.

**4.2.8**  The sole arbitrator shall decide the parties' disputes in accordance with the laws or rules chosen by them as applicable to the merits of their dispute. The arbitration shall therefore be in law.

**4.2.9**  The parties shall pay, in equal proportion, the fees of the sole arbitrator and the administrative costs incurred in the arbitration.

**4.3.**  The arbitration clause complies with the additional requirements set forth in Article 4 of the Arbitration and Mediation Law, so that the different entities that make up the public sector may submit to arbitration.

**4.4.**  It is verified that the requirements established in Article 41 of the Arbitration and Mediation Act are met, so that international arbitration can be agreed upon.

**4.**5  It is noted that the arbitration agreement does not contain conflicting provisions that could affect its interpretation as a whole or its simultaneous application, nor does it contain any pathological elements that could invalidate it, which is why it is considered admissible.

## 5.    RECOMMENDATION:

The fourth paragraph of the arbitration clause states that: "*The award shall be final and binding*"; therefore, it is recommended that it be amended to read as follows:





Edificio Amazonas Plaza
Av. Amazonas N39-123 y Arízaga
+593 2 2941300
www.pge.gob.ec
@PGEcuador

*Page. 7*

> *"The award shall be final and binding, except for purposes of annulment and enforcement."*

The English text would be as follows:

> *"The award shall be final and binding, except for purposes of setting aside and enforcement."*

The legal effect of the aforementioned recommendation is not a condition that prevents FLOPEC from signing the charter contract with CORE TRANSPORT LLC, under the terms set forth in the document attached to its request for authorization. The recommendations are the result of a technical analysis that is not mandatory and are issued in accordance with the advisory powers of this Office, as provided for in Article 237 of the Constitution of the Republic.

## 6.    AUTHORIZATION:

In accordance with the analysis carried out and by virtue of the provisions of the regulations cited in the second paragraph of this official letter, in particular Articles 190 and 225 of the Constitution of the Republic of Ecuador; 4, 41, and 42 of the Arbitration and Mediation Law; and the Fifth General Provision of the Organic Code of Planning and Public Finance, FLOPEC is authorized to agree to international arbitration and foreign legislation in the Contract it will sign with the company CORE TRANSPORT LLC.

This ruling refers solely and exclusively to the provisions of the "Arbitration Clause" contained in your letter, which, according to the documents sent to this Office, would replace clause 46 "Law and Litigation" of the draft charter contract. Therefore, the economic and technical conditions, as well as compliance with the legal requirements necessary for the signing and validity of the contract, are the sole responsibility of FLOPEC.

In accordance with the fourth paragraph of Article 42 of the Arbitration and Mediation Law, prior to the signing of said document, for submission to international arbitration, the express authorization of the highest authority of FLOPEC must be obtained.

The Attorney General's Office reserves the right to verify the final wording of the provisions that have been the subject of this ruling, for which purpose, once the instrument has been signed, a copy must be sent to this entity, together with all the documents that comprise it.



PROCURADURÍA GENERAL DEL ESTADO
REPÚBLICA DEL ECUADOR

Edificio Amazonas Plaza
Av. Amazonas N39-123 y Arízaga
+593 2 2941300
www.pge.gob.ec
@PGEcuador

*Page. 8*

Finally, it should be noted that any modification to the text of the provisions subject to this ruling, or the inclusion of any stipulation that may affect its meaning, application, or scope, must be previously authorized by this institution.

Sincerely,

Dr. Íñigo Salvador Crespo
**ATTORNEY GENERAL OF THE STATE**