# Exhibit N



Edificio Amazonas Plaza
Av. Amazonas N39-123 y Arízaga
+593 2 2941300
www.pge.gob.ec
@PGEcuador

**Oficio Nº 09040**

Quito DM, 23 de junio de 2020

Ingeniero
Jaime Condoy Blacio
**GERENTE GENERAL**
**EMPRESA PÚBLICA FLOTA PETROLERA**
**ECUATORIANA EP FLOPEC**
En su despacho.-

De mi consideración:

Me refiero a su oficio No. EPFLOPEC-GGR-084-2020 de 11 de junio de 2020, ingresado a esta Procuraduría el 18 de los mismos mes y año con No. 07170-2020-AD-IS, mediante el cual solicita:

> *"(...) la respectiva autorización para pactar con Ley Inglesa y sometimiento arbitral de la ciudad de Londres con la compañía armadora DRAGUN USA LLLP domiciliada en Pennsylvania, Estados Unidos de Norte América."*

Al respecto, cúmpleme manifestar lo siguiente:

## 1.    ANTECEDENTES:

De los oficios remitidos y documentos adjuntos se desprende que:

1.1.    La empresa pública Flota Petrolera Ecuatoriana EP FLOPEC (en adelante "FLOPEC") suscribirá un convenio de fletamento (en adelante "Contrato") con la compañía DRAGUN USA LLLP, cuyo objeto es la contratación del buque tanque "SEA BAY", en la modalidad "A TIEMPO". El proyecto de Contrato ha sido remitido a esta Procuraduría en su versión en inglés.

1.2.    La empresa DRAGUN USA LLLP está domiciliada en Pennsylvania, Estados Unidos de América.

1.3.    Conforme consta en los términos de su comunicación, la cláusula 46 "Law and Litigation" del proyecto de Contrato, será sustituida por la cláusula "Arbitration Clause" constante en su oficio, la cual establece lo siguiente:



**PROCURADURÍA GENERAL DEL ESTADO**
REPÚBLICA DEL ECUADOR

📍 Edificio Amazonas Plaza
Av. Amazonas N39-123 y Arízaga
📞 +593 2 2941300
✉ www.pge.gob.ec
🐦 @PGEcuador

*Página. 2*

*"ARBITRATION CLAUSE*

*This contract shall be governed by and construed in accordance with English Law and any dispute arising out of or in connection with this contract shall be referred to arbitration in London in accordance with the Arbitration Act 1996 or any statutory modification or reenactment thereof save to extent necessary to give effect to the provisions of this Clause.*

*The arbitration shall be conducted in accordance with the London Maritime Arbitrators Association (LMAA) terms current at the time of Time Charter Party date.*

*The arbitration shall be in accordance with English Law and shall be heard and determined by a sole arbitrator. A party wishing to refer a dispute to arbitration shall send its notice of appointment of the sole arbitrator providing the names of a minimum of 3 arbitrators to enable the other party to confirm its agreement to one of the aforesaid arbitrators as the sole arbitrator within 28 calendar days of that notice. If the other party does not confirm its agreement to one of the three arbitrators as the sole arbitrator within the 28 days specified, at request of any of the parties, the London Maritime Arbitrators Association (LMAA) shall appoint the sole arbitrator who shall be a full member of the association, provided that such member shall be other than those arbitrators included by the party wishing to refer a dispute to arbitration in its notice of appointment of the sole arbitrator.*

*The award shall be final and binding without prejudice to the actions of annulment and/ or execution permitted in these cases, by the applicable regulations.*

*The sole arbitrator shall decide the parties' dispute in accordance with the laws or rules of the law chosen by the parties as applicable to the merits of their dispute.*

*The parties shall pay, by equal parts, the fee of the sole arbitrator. Both parties shall also pay, by equal parts the administrative charges incurred in the arbitration. Nevertheless, the sole arbitrator in its own criteria condemn the losing parties to pay the fees, cost and redeem the charges that the arbitration proceeding could demand, as considered convenient."*

La traducción no oficial del texto antes citado al español, remitida por FLOPEC, es la siguiente:

*"**CLÁUSULA DE ARBITRAJE***

*Este contrato se regirá e interpretará de conformidad con la legislación inglesa. Cualquier disputa que surja de o en relación con este contrato, se remitirá a un arbitraje en Londres de conformidad con la Ley de Arbitraje de 1996 o cualquier*





Edificio Amazonas Plaza
Av. Amazonas N39-123 y Arízaga
+593 2 2941300
www.pge.gob.ec
@PGEcuador

*Página. 3*

*modificación legal o reforma de la misma, salvo en la medida necesaria para dar vigencia a las disposiciones de esta Cláusula.*

*El arbitraje se llevará a cabo de acuerdo con los términos de la Asociación de Árbitros Marítimos de Londres (LMAA, por sus siglas en inglés), vigentes en la fecha del contrato de fletamento Time Charter Party.*

*El arbitraje se realizará de acuerdo con la ley inglesa y será escuchado y determinado por un árbitro único. La parte que desee someter una disputa a arbitraje deberá enviar su notificación de nombramiento del árbitro único, proporcionando los nombres de al menos 3 árbitros para permitir que la otra parte confirme que está de acuerdo con uno de los árbitros mencionados como el árbitro único, dentro de los 28 días calendario de dicho aviso. Si la otra parte no confirma su acuerdo con uno de los tres árbitros como el árbitro único dentro de los 28 días especificados, a solicitud de cualquiera de las partes, la Asociación de Árbitros Marítimos de Londres (LMAA) nombrará al árbitro único que será miembro de pleno derecho de la asociación, siempre que dicho miembro sea uno distinto de los árbitros incluidos por la parte que desee remitir una disputa a arbitraje en su aviso de nombramiento de árbitro único.*

*El laudo será definitivo y vinculante sin perjuicio de las acciones de anulación y/o ejecución permitidas para estos casos, por las normas que resultaren aplicables.*

*El árbitro único decidirá las disputas de las partes de acuerdo con las leyes o reglas de la ley elegida por las partes como aplicable a los méritos de su disputa. Las partes pagarán, en partes iguales, los honorarios del árbitro único. Ambas partes también pagarán, en partes iguales, los costos administrativos incurridos en el arbitraje. Sin embargo, el árbitro único bajo su propio criterio podrá condenar a la parte perdedora a pagar los honorarios, costas y restituir los costos que el procedimiento de arbitraje podría exigir, según se considere conveniente."*

## 2.    BASE NORMATIVA:

La legislación nacional aplicable respecto de la posibilidad de someterse a legislación extranjera y arbitraje internacional es la siguiente:

**2.1.**    Artículo 190 de la Constitución de la República que reconoce al arbitraje como un mecanismo de solución de controversias.

**2.2.**    Artículo 225 de la Constitución de la República del Ecuador que contiene el detalle de las entidades que pertenecen al sector público, entre las que se incluye a las entidades creadas por la Constitución o la ley para el ejercicio de la potestad




Edificio Amazonas Plaza
Av. Amazonas N39-123 y Arízaga
+593 2 2941300
www.pge.gob.ec
@PGEcuador

*Página. 4*

estatal, la prestación de servicios públicos o el desarrollo de actividades económicas asumidas por el Estado.

2.3.    Artículo 313 de la Constitución de la República que establece como sector estratégico el transporte y la refinación de hidrocarburos.

2.4.    Artículo 315 de la Constitución de la República que establece que el Estado constituirá empresas públicas para la gestión de sectores estratégicos, la prestación de servicios públicos, el aprovechamiento sustentable de recursos naturales o de bienes públicos y el desarrollo de otras actividades económicas

2.5.    Artículo 4, inciso primero de la Ley Orgánica de Empresas Públicas que define la naturaleza de estas entidades.

2.6.    Artículo 1 del Decreto Ejecutivo No. 1117 de 26 de marzo de 2012, publicado en el Registro Oficial No. 681 de 12 de abril del mismo año, reformado mediante el Decreto Ejecutivo No. 38 de 01 de julio de 2013, publicado en el Registro Oficial Suplemento No. 44 de 25 del mismo mes y año, a través del cual se creó FLOPEC, con domicilio en la ciudad de Esmeraldas, provincia de Esmeraldas; y, se estableció como objeto social de dicha empresa, la transportación de hidrocarburos por vía marítima desde y hacia los puertos nacionales y extranjeros; prestación de servicios de transporte comercial, marítimo y fluvial de hidrocarburos y sus derivados, y demás actividades relacionadas.

2.7.    Artículo 11 de la Ley Orgánica de la Procuraduría General del Estado que establece que las entidades del sector público podrán someterse a procedimientos de arbitraje nacional o internacional.

2.8.    Artículo 4 de la Ley de Arbitraje y Mediación que establece los requisitos que deben cumplir las entidades del sector público para poder someterse a arbitraje.

2.9.    Artículo 41 de la Ley de Arbitraje y Mediación que establece los casos en los cuales se puede pactar arbitraje internacional.

2.10.   Artículo 42 de la Ley de Arbitraje y Mediación que determina que las entidades del sector público requieren de un informe favorable previo del Procurador General del Estado para someterse a arbitraje internacional.

2.11.   Inciso primero del artículo 4 del Código Orgánico de Planificación y Finanzas Públicas, que señala que se encuentran sometidos a este código todos los organismos, entidades e instituciones comprendidas en el artículo 225 de la Constitución de la República.

2.12.   Disposición General Quinta del Código Orgánico de Planificación y Finanzas Públicas, que dispone que la autorización del Procurador General del Estado es





Edificio Amazonas Plaza
Av. Amazonas N39-123 y Arízaga
+593 2 2941300
www.pge.gob.ec
@PGEcuador

*Página. 5*

indispensable para someterse a otra jurisdicción y legislación, para solucionar controversias relativas a contratos celebrados por el Estado u organismos del sector público con gobiernos, entidades públicas o privadas extranjeras.

**2.13.** Artículo 3, numeral 11 del Reglamento Orgánico Funcional de la Procuraduría General del Estado que establece, como parte de las competencias del Procurador General del Estado, emitir pronunciamiento previo favorable para la suscripción de convenios en los que instituciones del sector público se sometan a otra jurisdicción y legislación para la solución de divergencias o controversias.

## 3.    NATURALEZA:

De conformidad con las normas antes mencionadas, al ser FLOPEC una entidad perteneciente al sector público debe someterse a las disposiciones señaladas en el acápite precedente. Por lo tanto, respecto al Contrato materia del presente análisis, se requiere la autorización de la Procuraduría General del Estado para pactar arbitraje internacional y someterse a legislación extranjera, para la solución de controversias que surjan de dicho instrumento.

## 4.    ANÁLISIS:

De la revisión de la cláusula "ARBITRATION CLAUSE", transcrita en el acápite 1.3 de este oficio, se desprende lo siguiente:

**4.1.** El Contrato se regirá e interpretará de conformidad con la legislación inglesa, lo cual guarda consistencia con la Disposición General Quinta del Código Orgánico de Planificación y Finanzas Públicas, que establece que puede aceptarse otra legislación para la solución de divergencias o controversias relativas a contratos celebrados por el Estado y las entidades y organismos del sector público, con gobiernos, entidades públicas o privadas extranjeras.

**4.2.** Las partes han decidido someter sus controversias a arbitraje internacional en los siguientes términos:

> **4.2.1** Cualquier disputa que surja de o en relación al Contrato se remitirá a un arbitraje en Londres, Inglaterra, de conformidad con la Ley de Arbitraje de 1996 o cualquier modificación legal o reforma de la misma.
>
> **4.2.2** El arbitraje se llevará a cabo de acuerdo con los términos de la Asociación de Árbitros Marítimos de Londres ("LMAA", por sus siglas en inglés), vigentes en la fecha del contrato de fletamento. Por lo tanto, éstas serán las reglas aplicables al procedimiento arbitral.
>
> **4.2.3** El arbitraje será resuelto por un árbitro único.





Edificio Amazonas Plaza
Av. Amazonas N39-123 y Arízaga
+593 2 2941300
www.pge.gob.ec
@PGEcuador

PROCURADURÍA GENERAL DEL ESTADO
REPÚBLICA DEL ECUADOR

*Página. 6*

**4.2.4** La parte que desee someter una disputa a arbitraje, deberá enviar su notificación de nombramiento del árbitro único, y proporcionar los nombres de al menos 3 árbitros para permitir que la otra parte confirme que está de acuerdo con alguno de ellos.

**4.2.5** La parte que recibe la notificación tendrá 28 días calendario para confirmar a uno de los tres árbitros como árbitro único.

**4.2.6** Si la otra parte no confirma su acuerdo con uno de los tres árbitros dentro de los 28 días especificados, a solicitud de cualquiera de las partes, la Asociación de Árbitros Marítimos de Londres (LMAA) nombrará al árbitro único, que será otro distinto a aquellos que integran la terna propuesta por la parte que inició el arbitraje.

**4.2.7** El laudo será definitivo y vinculante sin perjuicio de las acciones de anulación y/o ejecución permitidas para estos casos, por las normas que resulten aplicables.

**4.2.8** El árbitro único decidirá las disputas de las partes de acuerdo con las leyes o reglas elegidas por estas como aplicables a los méritos de su disputa. Por lo tanto, el arbitraje será en derecho.

**4.2.9** Las partes pagarán, en igual proporción, los honorarios del árbitro único y los costos administrativos incurridos en el arbitraje.

**4.3.** La cláusula arbitral cumple con los requisitos establecidos en el artículo 4 de la Ley de Arbitraje y Mediación para que las diferentes entidades que conforman el sector público puedan someterse a arbitraje.

**4.4.** La compañía DRAGUN USA LLLP tiene su sede en Pennsylvania, Estados Unidos de América. Por su parte, FLOPEC tiene su sede en Esmeraldas, Ecuador. Por lo tanto, según lo dispuesto en la letra a) del artículo 41 de la Ley de Arbitraje y Mediación, este arbitraje se considera internacional.

**4.5.** La cláusula compromisoria analizada no contiene disposiciones contrapuestas que puedan afectar su interpretación en conjunto o aplicación simultánea, ni contiene elementos patológicos que podrían invalidarla, razón por la cual, se la considera procedente.

## 5.    AUTORIZACIÓN:

De conformidad con el análisis realizado y en virtud de lo dispuesto en las normas citadas en el acápite 2 de este oficio, en particular los artículos 190 de la Constitución de la República del Ecuador, 11 de la Ley Orgánica de la Procuraduría General del Estado, 4 y 42 de la Ley de Arbitraje y Mediación y la Disposición General Quinta del  Código






Edificio Amazonas Plaza
Av. Amazonas N39-123 y Arízaga
+593 2 2941300
www.pge.gob.ec
@PGEcuador



*Página. 7*

Orgánico de Planificación y Finanzas Públicas, se autoriza a FLOPEC a someterse a legislación extranjera y pactar arbitraje internacional en las controversias que llegaren a surgir del Contrato que será suscrito con la empresa DRAGUN USA LLLP.

Esta autorización se refiere única y exclusivamente a lo estipulado en la cláusula "Arbitration Clause", transcrita en el acápite 1.3 de este oficio. Por lo tanto, las demás condiciones financieras, operativas y técnicas, así como el cumplimiento de los requisitos legales necesarios para la suscripción del Contrato, son de exclusiva responsabilidad de FLOPEC.

De conformidad con el inciso cuarto del artículo 42 de la Ley de Arbitraje y Mediación, para el sometimiento a arbitraje internacional se deberá contar con la autorización expresa de la máxima autoridad de FLOPEC, antes de la suscripción de dicho instrumento.

La Procuraduría General del Estado se reserva la facultad de verificar la redacción final de las disposiciones que han sido objeto de esta autorización, para lo cual, una vez que el instrumento sea suscrito, se deberá remitir una copia a esta entidad, junto con todos los documentos que lo integren.

Finalmente, se advierte que cualquier modificación al texto de las disposiciones objeto de esta autorización, o la inclusión de cualquier estipulación que pueda afectar su sentido, aplicación o alcance, deberá ser previamente aprobada por esta institución.

Atentamente,



Firmado digitalmente
por IÑIGO FRANCISCO
ALBERTO SALVADOR
CRESPO

Dr. Íñigo Salvador Crespo
**PROCURADOR GENERAL DEL ESTADO**

**English Translation Created by DeepL.com**



Edificio Amazonas Plaza
Av. Amazonas N39-123 y Arízaga
+593 2 2941300
www.pge.gob.ec
@PGEcuador

PROCURADURÍA GENERAL DEL ESTADO
REPÚBLICA DEL ECUADOR

**Official Letter No. 09040**

Quito DM, June 23, 2020

Engineer
Jaime Condoy Blacio
**GENERAL MANAGER**
**ECUADORIAN OIL FLEET PUBLIC COMPANY EP**
**FLOPEC**
In his office.

Dear Sir:

I refer to your letter No. EPFLOPEC-GGR-084-2020 dated June 11, 2020, received by this Office on the 18th of the same month and year under No. 07170-2020-AD-IS, in which you request:

> *"(...) the respective authorization to agree to English law and arbitration in the city of London with the shipping company DRAGUN USA LLLP, domiciled in Pennsylvania, United States of America."*

In this regard, I hereby state the following:

**1.    BACKGROUND:**

From the official letters sent and the attached documents, it appears that:

**1.1.**    The public company Flota Petrolera Ecuatoriana EP FLOPEC (hereinafter "FLOPEC") will sign a charter agreement (hereinafter "Contract") with the company DRAGUN USA LLLP, the purpose of which is to contract the tanker "SEA BAY" on a "TIME" basis. The draft Contract has been submitted to this Office in its English version.

**1.2.**    The company DRAGUN USA LLLP is domiciled in Pennsylvania, United States of America.

**1.3.**    As stated in the terms of its communication, clause 46 "Law and Litigation" of the draft Contract will be replaced by the "Arbitration Clause" contained in its official letter, which establishes the following:



PROCURADURÍA GENERAL DEL ESTADO
REPÚBLICA DEL ECUADOR

Edificio Amazonas Plaza
Av. Amazonas N39-123 y Arízaga
+593 2 2941300
www.pge.gob.ec
@PGEcuador

*Page. 2*

*"**ARBITRATION CLAUSE***

*This contract shall be governed by and construed in accordance with English Law and any dispute arising out of or in connection with this contract shall be referred to arbitration in London in accordance with the Arbitration Act 1996 or any statutory modification or reenactment thereof save to extent necessary to give effect to the provisions of this Clause.*

*The arbitration shall be conducted in accordance with the London Maritime Arbitrators Association (LMAA) terms current at the time of the Time Charter Party date.*

*The arbitration shall be in accordance with English Law and shall be heard and determined by a sole arbitrator. A party wishing to refer a dispute to arbitration shall send its notice of appointment of the sole arbitrator providing the names of a minimum of 3 arbitrators to enable the other party to confirm its agreement to one of the aforesaid arbitrators as the sole arbitrator within 28 calendar days of that notice. If the other party does not confirm its agreement to one of the three arbitrators as the sole arbitrator within the 28 days specified, at the request of any of the parties, the London Maritime Arbitrators Association (LMAA) shall appoint the sole arbitrator who shall be a full member of the association, provided that such member shall be other than those arbitrators included by the party wishing to refer a dispute to arbitration in its notice of appointment of the sole arbitrator.*

*The award shall be final and binding without prejudice to the actions of annulment and/or execution permitted in these cases, by the applicable regulations.*

*The sole arbitrator shall decide the parties' dispute in accordance with the laws or rules of law chosen by the parties as applicable to the merits of their dispute.*

*The parties shall pay, in equal parts, the fee of the sole arbitrator. Both parties shall also pay, in equal parts, the administrative charges incurred in the arbitration. Nevertheless, the sole arbitrator may, at his or her discretion, order the losing parties to pay the fees, costs, and charges that the arbitration proceedings may entail, as deemed appropriate.*

The unofficial translation of the above text into Spanish, provided by FLOPEC, is as follows:

*"**ARBITRATION CLAUSE***

*This contract shall be governed by and construed in accordance with English law. Any dispute arising out of or in connection with this contract shall be referred to arbitration in London in accordance with the Arbitration Act 1996 or any*





Edificio Amazonas Plaza
Av. Amazonas N39-123 y Arízaga
+593 2 2941300
www.pge.gob.ec
@PGEcuador

*Page. 3*

*legal amendment or reform thereof, except to the extent necessary to give effect to the provisions of this Clause.*

*The arbitration shall be conducted in accordance with the terms of the London Maritime Arbitrators Association (LMAA) in force on the date of the Time Charter Party.*

*The arbitration shall be conducted in accordance with English law and shall be heard and determined by a sole arbitrator. The party wishing to submit a dispute to arbitration shall send its notice of appointment of the sole arbitrator, providing the names of at least 3 arbitrators to allow the other party to confirm that it agrees with one of the arbitrators mentioned as the sole arbitrator, within 28 calendar days of such notice. If the other party does not confirm its agreement with one of the three arbitrators as the sole arbitrator within the specified 28 days, at the request of either party, the London Maritime Arbitrators Association (LMAA) shall appoint the sole arbitrator, who shall be a full member of the association, provided that such member is one other than the arbitrators included by the party wishing to refer a dispute to arbitration in its notice of appointment of sole arbitrator.*

*The award shall be final and binding without prejudice to any actions for annulment and/or enforcement permitted in such cases by the applicable rules.*

*The sole arbitrator shall decide the parties' disputes in accordance with the laws or rules of law chosen by the parties as applicable to the merits of their dispute. The parties shall pay, in equal shares, the fees of the sole arbitrator. Both parties shall also pay, in equal shares, the administrative costs incurred in the arbitration. However, the sole arbitrator may, at his or her discretion, order the losing party to pay the fees, costs, and reimburse the expenses that the arbitration proceedings may require, as deemed appropriate.*

## 2.    LEGAL BASIS:

The applicable national legislation regarding the possibility of submitting to foreign legislation and international arbitration is as follows:

**2.1.**    Article 190 of the Constitution of the Republic, which recognizes arbitration as a mechanism for dispute resolution.

**2.2.**    Article 225 of the Constitution of the Republic of Ecuador, which contains details of the entities belonging to the public sector, including entities created by the Constitution or by law for the exercise of state authority






Edificio Amazonas Plaza
Av. Amazonas N39-123 y Arízaga
+593 2 2941300
www.pge.gob.ec
@PGEcuador

PROCURADURÍA GENERAL DEL ESTADO
REPÚBLICA DEL ECUADOR



*Page. 4*

, the provision of public services, or the development of economic activities undertaken by the State.

**2.3.** Article 313 of the Constitution of the Republic, which establishes the transportation and refining of hydrocarbons as a strategic sector.

**2.4.** Article 315 of the Constitution of the Republic, which establishes that the State shall establish public companies for the management of strategic sectors, the provision of public services, the sustainable use of natural resources or public goods, and the development of other economic activities

**2.5.** Article 4, paragraph 1, of the Organic Law on Public Companies, which defines the nature of these entities.

**2.6.** Article 1 of Executive Decree No. 1117 of March 26, 2012, published in Official Register No. 681 of April 12 of the same year, amended by Executive Decree No. 38 of July 1, 2013, published in Official Register Supplement No. 44 of July 25 of the same month and year, through which FLOPEC was created, with its registered office in the city of Esmeraldas, province of Esmeraldas; and the corporate purpose of said company was established as the transportation of hydrocarbons by sea to and from national and foreign ports; the provision of commercial, maritime, and river transportation services for hydrocarbons and their derivatives, and other related activities.

**2.7.** Article 11 of the Organic Law of the Attorney General's Office, which establishes that public sector entities may submit to national or international arbitration proceedings.

**2.8.** Article 4 of the Arbitration and Mediation Law, which establishes the requirements that public sector entities must meet in order to submit to arbitration.

**2.9.** Article 41 of the Arbitration and Mediation Law, which establishes the cases in which international arbitration may be agreed upon.

**2.10.** Article 42 of the Arbitration and Mediation Law, which determines that public sector entities require a prior favorable report from the Attorney General to submit to international arbitration.

**2.11.** Paragraph one of Article 4 of the Organic Code of Planning and Public Finance, which states that all agencies, entities, and institutions covered by Article 225 of the Constitution of the Republic are subject to this code.

**2.12.** Fifth General Provision of the Organic Code of Planning and Public Finance, which provides that the authorization of the Attorney General is





Edificio Amazonas Plaza
Av. Amazonas N39-123 y Arízaga
+593 2 2941300
www.pge.gob.ec
@PGEcuador

PROCURADURÍA GENERAL DEL ESTADO
REPÚBLICA DEL ECUADOR

*Page. 5*

indispensable for submitting to another jurisdiction and legislation to resolve disputes relating to contracts entered into by the State or public sector agencies with foreign governments, public or private entities.

**2.13.** Article 3, paragraph 11 of the Organic Functional Regulations of the Attorney General's Office, which establishes, as part of the powers of the Attorney General, the issuance of a prior favorable ruling for the signing of agreements in which public sector institutions submit to another jurisdiction and legislation for the resolution of differences or disputes.

**3.      NATURE:**

In accordance with the aforementioned regulations, FLOPEC, as a public sector entity, must comply with the provisions outlined in the preceding section. Therefore, with regard to the contract under analysis, authorization from the Attorney General's Office is required to agree to international arbitration and submit to foreign legislation for the resolution of disputes arising from said instrument.

**4.      ANALYSIS:**

From the review of the "ARBITRATION CLAUSE," transcribed in section 1.3 of this document, the following can be inferred:

**4.1.** The Contract shall be governed and interpreted in accordance with English law, which is consistent with the Fifth General Provision of the Organic Code of Planning and Public Finance, which establishes that other legislation may be accepted for the resolution of differences or disputes relating to contracts entered into by the State and public sector entities and agencies with foreign governments, public or private entities.

**4.2.** The parties have decided to submit their disputes to international arbitration on the following terms:

**4.2.1** Any dispute arising out of or in connection with the Contract shall be referred to arbitration in London, England, in accordance with the Arbitration Act 1996 or any legal amendment or reform thereof.

**4.2.2** The arbitration shall be conducted in accordance with the terms of the London Maritime Arbitrators Association ("LMAA") in force on the date of the charter party. These shall therefore be the rules applicable to the arbitration proceedings.

**4.2.3** The arbitration shall be decided by a sole arbitrator.



PROCURADURÍA GENERAL DEL ESTADO
REPÚBLICA DEL ECUADOR



Edificio Amazonas Plaza
Av. Amazonas N39-123 y Arízaga
+593 2 2941300
www.pge.gob.ec
@PGEcuador

*Page. 6*

**4.2.4** The party wishing to submit a dispute to arbitration shall send its notice of appointment of the sole arbitrator and provide the names of at least three arbitrators to allow the other party to confirm its agreement with one of them.

**4.2.5** The party receiving the notice shall have 28 calendar days to confirm one of the three arbitrators as the sole arbitrator.

**4.2.6** If the other party does not confirm its agreement with one of the three arbitrators within the specified 28 days, at the request of either party, the London Maritime Arbitrators Association (LMAA) shall appoint the sole arbitrator, who shall be different from those on the shortlist proposed by the party that initiated the arbitration.

**4.2.7** The award shall be final and binding without prejudice to any actions for annulment and/or enforcement permitted in such cases by the applicable rules.

**4.2.8** The sole arbitrator shall decide the parties' disputes in accordance with the laws or rules chosen by them as applicable to the merits of their dispute. The arbitration shall therefore be in law.

**4.2.9** The parties shall pay, in equal proportion, the fees of the sole arbitrator and the administrative costs incurred in the arbitration.

**4.3.** The arbitration clause complies with the requirements set forth in Article 4 of the Arbitration and Mediation Act so that the different entities that make up the public sector may submit to arbitration.

**4.4.** DRAGUN USA LLLP is headquartered in Pennsylvania, United States of America. FLOPEC is headquartered in Esmeraldas, Ecuador. Therefore, pursuant to Article 41(a) of the Arbitration and Mediation Law, this arbitration is considered international.

**4.5.** The arbitration clause analyzed does not contain conflicting provisions that could affect its interpretation as a whole or its simultaneous application, nor does it contain pathological elements that could invalidate it, which is why it is considered admissible.

**5.  AUTHORIZATION:**

In accordance with the analysis carried out and by virtue of the provisions of the regulations cited in section 2 of this official letter, in particular Articles 190 of the Constitution of the Republic of Ecuador, 11 of the Organic Law of the Attorney General's Office, 4 and 42 of the Arbitration and Mediation Law, and the Fifth General Provision of the Organic Code



Edificio Amazonas Plaza
Av. Amazonas N39-123 y Arízaga
+593 2 2941300
www.pge.gob.ec
@PGEcuador

PROCURADURÍA GENERAL DEL ESTADO
REPÚBLICA DEL ECUADOR

*Page. 7*

Organic Code of Planning and Public Finance, FLOPEC is authorized to submit to foreign legislation and agree to international arbitration in disputes that may arise from the Contract to be signed with the company DRAGUN USA LLLP.

This authorization refers solely and exclusively to the provisions of the "Arbitration Clause" transcribed in section 1.3 of this letter. Therefore, all other financial, operational, and technical conditions, as well as compliance with the legal requirements necessary for the execution of the Contract, are the sole responsibility of FLOPEC.

In accordance with the fourth paragraph of Article 42 of the Arbitration and Mediation Law, in order to submit to international arbitration, the express authorization of the highest authority of FLOPEC must be obtained prior to the signing of said instrument.

The Attorney General's Office reserves the right to verify the final wording of the provisions that have been the subject of this authorization, for which purpose, once the instrument has been signed, a copy must be sent to this entity, together with all the documents that comprise it.

Finally, please note that any modification to the text of the provisions subject to this authorization, or the inclusion of any stipulation that may affect its meaning, application, or scope, must be previously approved by this institution.

Sincerely,



Digitally signed by
IÑIGO FRANCISCO
ALBERTO SALVADOR
CRESPO

Dr. Íñigo Salvador Crespo
**ATTORNEY GENERAL**