# Exhibit O



Edificio Amazonas Plaza
Av. Amazonas N39-123 y Arízaga
+593 2 2941300
www.pge.gob.ec
@PGEcuador

**PROCURADURÍA GENERAL DEL ESTADO**
REPÚBLICA DEL ECUADOR

**Oficio No. 12615**

Quito, DM, 19 de febrero de 2021

Señora Magíster
Pilar Ferri Moncayo
**GERENTE GENERAL, SUBROGANTE**
**EMPRESA PÚBLICA FLOTA PETROLERA**
**ECUATORIANA, EP FLOPEC**
Presente.-

De mi consideración:

Me refiero a su oficio No. GCO-002-2021 de 03 de febrero de 2021, ingresado a esta Procuraduría el 09 de febrero del mismo año con No. 08601-2021-AD-IS, mediante el cual solicita:

> *"(…), se digne emitir la respectiva autorización para pactar con Ley Americana y sometimiento arbitral de la ciudad de Nueva York con la compañía charteadora AMAZONAS TANKER POOL COMPANY LLC. domiciliada en Majuro, Islas Marshall (…)".*

Al respecto, cúmpleme manifestar lo siguiente:

**1.    ANTECEDENTES:**

Del oficio remitido y documento adjunto se desprende que:

**1.1.**   La Empresa Pública Flota Petrolera Ecuatoriana EP FLOPEC (en adelante "FLOPEC") y la compañía AMAZONAS TANKER POOL COMPANY LLC. celebrarán un contrato de fletamento, en la modalidad "A TIEMPO", del buque tanque PICHINCHA, de propiedad de la segunda. El proyecto de dicho contrato (en adelante, "Proyecto de Contrato") ha sido remitido a esta Procuraduría en su versión en inglés.

**1.2.**   La empresa AMAZONAS TANKER POOL COMPANY LLC. está domiciliada en Majuro, Islas Marshall.

PROCURADURÍA GENERAL DEL ESTADO
REPÚBLICA DEL ECUADOR

*Página. 2*

**1.3.** Conforme lo indicado por FLOPEC, la cláusula "*41 Law and Litigation*" del Proyecto de Contrato remitido, será sustituida por la cláusula "*GOVERNING LAW/ARBITRATION* ", cuyo texto consta en su oficio y es el siguiente:

*"'GOVERNING LAW/ARBITRATION'*

*This Agreement shall be governed by the laws of the State of New York. If any dispute should arise in connection with the interpretation and fulfillment of this Agreement, such dispute shall be decided by arbitration in New York subject to the rules of the Society of Maritime Arbitrators. If the parties cannot agree upon the appointment of a single Arbitrator, the dispute shall be settled by three Arbitrators, each party appointing one Arbitrator, and if the dispute is between two parties hereto, the third Arbitrator shall be appointed by the Arbitrators named by each party. If any of the appointed Arbitrators refuses or is incapable of acting, the party appointing him shall appoint a new Arbitrator in his place. Any determination rendered by the Arbitrator (s) shall be final and binding upon the parties and may, if necessary, be enforced by a court of any other competent authority in the same manner as a judgment in a court of law. For any disputes being settled by arbitration, which may require the vote of the Pool Manager, the Principal initiating the arbitration of the Participant being brought to arbitration will abstain from such voting."*

**1.4.** La traducción no oficial al español del texto precedente es la siguiente:

*"'LEGISLACIÓN APLICABLE / ARBITRAJE'*

*Este Acuerdo será regido por las leyes del Estado de Nueva York. Si surgiere cualquier disputa relacionada con la interpretación y cumplimiento de este Acuerdo, tal disputa será decidida en un arbitraje con sede en Nueva York y con sujeción a las Reglas de la Asociación de Árbitros Marítimos (SMA). Si las partes no llegaren a un acuerdo sobre la designación del Árbitro único, la disputa será resuelta por tres Árbitros, cada parte nombrará un Árbitro, y si la disputa involucrase a dos partes, el tercer Árbitro será designado por los Árbitros nombrados por cada una de ellas. Si cualquiera de los Árbitros designados rechaza la designación o se encuentra inhabilitado para ejercerla, la parte que lo nominó designará a un nuevo Árbitro para que lo reemplace. Cualquier decisión adoptada por el o los Árbitros será final y vinculante para las partes y, si fuere necesario, esta decisión podrá ser ejecutada por una corte o cualquier otra autoridad competente, de la misma forma en la que se ejecutaría una sentencia dictada por un tribunal de justicia. En el caso de cualquier disputa resuelta en arbitraje, que requiriese el voto del Administrador de la Agrupación, el Principal que inició el procedimiento y llevó a arbitraje al Participante se abstendrá de tal votación."*

## 2.    BASE NORMATIVA:

La legislación nacional aplicable respecto de la posibilidad de someterse a legislación extranjera y arbitraje internacional es la siguiente:

**2.1** Artículo 190 de la Constitución de la República del Ecuador, que reconoce al arbitraje como mecanismo de solución de controversias, y determina que se requerirá el pronunciamiento previo de la Procuraduría General del Estado para pactar arbitraje en la contratación pública.

**2.2** Artículo 225 de la Constitución de la República del Ecuador que contiene el detalle de las entidades que pertenecen al sector público, entre las que se incluye a las entidades creadas por la Constitución o la ley para el ejercicio de la potestad estatal, la prestación de servicios públicos o el desarrollo de actividades económicas asumidas por el Estado.

**2.3** Artículo 313 de la Constitución de la República del Ecuador que califica como estratégico al sector de transporte y la refinación de hidrocarburos.

**2.4** Artículo 315 de la Constitución de la República que establece que el Estado constituirá empresas públicas para la gestión de sectores estratégicos, la prestación de servicios públicos, el aprovechamiento sustentable de recursos naturales o de bienes públicos y el desarrollo de otras actividades económicas

**2.5** Artículo 4, inciso primero de la Ley Orgánica de Empresas Públicas que define la naturaleza de estas entidades.

**2.6** Artículo 1 del Decreto Ejecutivo No. 1117 de 26 de marzo de 2012, publicado en el Registro Oficial No. 681 de 12 de abril del mismo año, reformado mediante Decreto Ejecutivo No. 38 de 01 de julio de 2013, publicado en el Registro Oficial Suplemento No. 44 de 25 del mismo mes y año, mediante el cual se creó FLOPEC, con domicilio en la ciudad de Esmeraldas, provincia de Esmeraldas; y, se estableció como objeto social de dicha empresa, la transportación de hidrocarburos por vía marítima desde y hacia los puertos nacionales y extranjeros; prestación de servicios de transporte comercial, marítimo y fluvial de hidrocarburos y sus derivados, y demás actividades relacionadas.

**2.7** Artículo 11 de la Ley Orgánica de la Procuraduría General del Estado que establece que las entidades del sector público podrán someterse a procedimientos de arbitraje nacional o internacional.

**2.8** Artículo 4 de la Ley de Arbitraje y Mediación que establece los requisitos que deben cumplir las entidades del sector público para poder someterse a arbitraje.

**2.9** Artículo 41 de la Ley de Arbitraje y Mediación que establece los casos en los cuales se puede pactar arbitraje internacional.



**2.10** Artículo 42 de la Ley de Arbitraje y Mediación que determina que las entidades del sector público requieren de un informe favorable previo del Procurador General del Estado para someterse a arbitraje internacional.

**2.11** Inciso primero del artículo 4 del Código Orgánico de Planificación y Finanzas Públicas, que señala que se encuentran sometidos a este código todos los organismos, entidades e instituciones comprendidas en el artículo 225 de la Constitución de la República.

**2.12** Disposición General Quinta del Código Orgánico de Planificación y Finanzas Públicas, que dispone que la autorización del Procurador General del Estado es indispensable para someterse a otra jurisdicción y legislación, para solucionar controversias relativas a contratos celebrados por el Estado u organismos del sector público, con gobiernos, entidades públicas o privadas extranjeras.

**2.13** Artículo 3, numeral 11 del Reglamento Orgánico Funcional de la Procuraduría General del Estado que establece, como parte de las competencias del Procurador General del Estado, emitir pronunciamiento previo favorable para la suscripción de convenios en los que instituciones del sector público se sometan a otra jurisdicción y legislación para la solución de divergencias o controversias.

## 3.    NATURALEZA:

De conformidad con las normas antes mencionadas, al ser FLOPEC una entidad perteneciente al sector público debe someterse a las disposiciones señaladas en el acápite precedente. Por lo tanto, respecto al Proyecto de Contrato materia del presente análisis, se requiere la autorización de la Procuraduría General del Estado para pactar arbitraje internacional y someterse a legislación extranjera, para la solución de controversias que surjan de dicho instrumento.

## 4.    ANÁLISIS:

De la revisión de la cláusula "*GOVERNING LAW/ARBITRATION*" del Proyecto de Contrato, transcrita en el acápite 1.3 de este oficio, que sustituye a la cláusula "*41 Law and Litigation*", como lo indica en su comunicación, se desprende lo siguiente:

**4.1.** El contrato remitido se regirá e interpretará de conformidad con la legislación del Estado de Nueva York. El sometimiento a la legislación de Nueva York se justifica en razón de que es una legislación neutral ajena a los domicilios de las partes, lo cual guarda consistencia con la Disposición General Quinta del Código Orgánico de Planificación y Finanzas Públicas, que establece que puede aceptarse otra jurisdicción y legislación para la solución de divergencias o controversias relativas a contratos celebrados por el Estado y entidades del sector público con gobiernos, entidades públicas o privadas extranjeras.



**4.2.** Las partes han decidido someter sus controversias a arbitraje internacional en los siguientes términos:

    **4.2.1.** Cualquier disputa que surja en relación con la interpretación y cumplimiento del contrato se remitirá a un arbitraje en la ciudad de Nueva York, Estados Unidos de América, de conformidad con las Reglas de la Asociación de Árbitros Marítimos (SMA).

    **4.2.2.** La disputa será resuelta por un árbitro único. Si las partes no llegan a un acuerdo sobre su designación, la disputa será resuelta por tres Árbitros, y cada parte nombrará un Árbitro. Si la disputa involucrase a dos partes, el tercer Árbitro será designado por los Árbitros nombrados por cada una de ellas.

    **4.2.3.** El laudo será definitivo y vinculante para las partes.

**4.3.** No se ha establecido el idioma del arbitraje.

**4.4.** No se ha establecido si el arbitraje será en derecho o en equidad, por consiguiente, en virtud de lo que establece el inciso final del artículo 422 de la Constitución de la República, así como la sentencia No. 0001-09-SIC-CC, interpretativa del referido precepto constitucional, expedida por la Corte Constitucional del Ecuador el 13 de marzo de 2009, se entenderá que el fallo del tribunal será con sujeción a los principios de transparencia, equidad y justicia internacional.

**4.5.** La compañía AMAZONAS TANKER POOL COMPANY LLC. tiene su sede en Majuro, Islas Marshall. Por su parte, FLOPEC tiene su sede en Esmeraldas, Ecuador. Por lo tanto, según lo dispuesto en la letra a) del artículo 41 de la Ley de Arbitraje y Mediación, este arbitraje se considera internacional.

**4.6.** La cláusula arbitral cumple con los requisitos establecidos en el artículo 4 de la Ley de Arbitraje y Mediación para que las diferentes entidades que conforman el sector público puedan someterse a arbitraje.

**4.7.** La cláusula compromisoria analizada no contiene disposiciones contrapuestas que puedan afectar su interpretación en conjunto o aplicación simultaneá, ni contiene elementos patológicos que podrían invalidarla, razón por la cual, se la considera procedente.

PROCURADURÍA GENERAL DEL ESTADO
REPÚBLICA DEL ECUADOR

*Página. 6*

## 5.    RECOMENDACIONES:

**5.1.** Se recomienda que en la cláusula "*GOVERNING LAW/ARBITRATION"*, se señale que las notificaciones referentes al arbitraje sean realizadas también a esta Procuraduría.

**5.2.** Se recomienda determinar el idioma bajo el cuál sería sustanciado el procedimiento arbitral que se tramite bajo las estipulaciones de la cláusula analizada.

El efecto jurídico de las recomendaciones mencionadas no es un condicionamiento que impida suscribir el contrato en los términos constantes en su pedido de autorización. Las recomendaciones son el resultado de un análisis técnico que no es de cumplimiento obligatorio y son emitidas en uso de la facultad asesora, prevista en el artículo 237 de la Constitución de la República.

## 6.    AUTORIZACIÓN:

De conformidad con el análisis realizado y en virtud de lo dispuesto en las normas citadas en el acápite dos de este oficio, en particular los artículos 190 de la Constitución de la República del Ecuador; 11 de la Ley Orgánica de la Procuraduría General del Estado; 4 y 42 de la Ley de Arbitraje y Mediación; y, la Disposición General Quinta del Código Orgánico de Planificación y Finanzas Públicas, se autoriza a la Empresa Pública Flota Petrolera Ecuatoriana, EP FLOPEC, a someterse a legislación extranjera y pactar arbitraje internacional en las controversias que llegaren a surgir del contrato de fletamento que celebrará con la empresa AMAZONAS TANKER POOL COMPANY LLC.

Esta autorización se refiere única y exclusivamente a lo estipulado en la cláusula "*GOVERNING LAW/ARBITRATION* " que sustituye a la cláusula "*41 Law and Litigation*" del Proyecto de Contrato remitido. Por lo tanto, las demás condiciones financieras, operativas y técnicas, así como el cumplimiento de los requisitos legales necesarios para la suscripción de dicho instrumento, son de exclusiva responsabilidad de FLOPEC.

De conformidad con el inciso cuarto del artículo 42 de la Ley de Arbitraje y Mediación, para el sometimiento a arbitraje internacional se deberá contar con la autorización expresa de la máxima autoridad de FLOPEC, antes de la suscripción de dicho instrumento.

La Procuraduría General del Estado se reserva la facultad de verificar la redacción final de las disposiciones que han sido objeto de esta autorización, para lo cual, una vez que el instrumento sea suscrito, se deberá remitir una copia a esta entidad, junto con todos los documentos que lo integren.



*Página. 7*

Finalmente, se advierte que cualquier modificación al texto de las disposiciones objeto de esta autorización, o la inclusión de cualquier estipulación que pueda afectar su sentido, aplicación o alcance, deberá ser previamente aprobada por esta Procuraduría.

Atentamente,

Firmado digitalmente por IÑIGO FRANCISCO ALBERTO SALVADOR CRESPO

Dr. Íñigo Salvador Crespo
**PROCURADOR GENERAL DEL ESTADO**

**English Translation Created by DeepL.com**



PROCURADURÍA GENERAL DEL ESTADO
REPÚBLICA DEL ECUADOR

Edificio Amazonas Plaza
Av. Amazonas N39-123 y Arízaga
+593 2 2941300
www.pge.gob.ec
@PGEcuador

**Official Letter No. 12615**

Quito, DM, February 19, 2021

Ms. Pilar Ferri
Moncayo
**GENERAL MANAGER, DEPUTY HEAD OF THE
ECUADORIAN OIL FLEET PUBLIC COMPANY,
EP FLOPEC**
Present.

Dear Ms. Ferri Moncayo

I refer to your letter No. GCO-002-2021 dated February 3, 2021, received by this Office on February 9 of the same year under No. 08601-2021-AD-IS, in which you request:

> *"(...) issue the respective authorization to enter into an agreement with Ley Americana and submit to arbitration in the city of New York with the chartering company AMAZONAS TANKER POOL COMPANY LLC. domiciled in Majuro, Marshall Islands (...)".*

In this regard, I would like to state the following:

## 1.    BACKGROUND:

From the letter sent and the attached document, it appears that:

**1.1.**    The Ecuadorian Public Oil Fleet Company EP FLOPEC (hereinafter "FLOPEC") and the company AMAZONAS TANKER POOL COMPANY LLC.
will enter into a "TIME" charter contract for the tanker PICHINCHA, owned by the latter. The draft of said contract (hereinafter, "Draft Contract") has been sent to this Office in its English version.

**1.2.**    AMAZONAS TANKER POOL COMPANY LLC. is domiciled in Majuro, Marshall Islands.



**1.3.**   As indicated by FLOPEC, clause "*41 Law and Litigation*" of the submitted Draft Contract will be replaced by clause "*GOVERNING LAW/ARBITRATION*," the text of which is included in its official letter and reads as follows:

*"'GOVERNING LAW/ARBITRATION'"*

*This Agreement shall be governed by the laws of the State of New York. If any dispute should arise in connection with the interpretation and fulfillment of this Agreement, such dispute shall be decided by arbitration in New York subject to the rules of the Society of Maritime Arbitrators. If the parties cannot agree upon the appointment of a single Arbitrator, the dispute shall be settled by three Arbitrators, each party appointing one Arbitrator, and if the dispute is between two parties hereto, the third Arbitrator shall be appointed by the Arbitrators named by each party. If any of the appointed Arbitrators refuses or is incapable of acting, the party appointing him shall appoint a new Arbitrator in his place. Any determination rendered by the Arbitrator(s) shall be final and binding upon the parties and may, if necessary, be enforced by a court of any other competent authority in the same manner as a judgment in a court of law. For any disputes being settled by arbitration, which may require the vote of the Pool Manager, the Principal initiating the arbitration of the Participant being brought to arbitration will abstain from such voting.*

**1.4.**   The unofficial translation into Spanish of the preceding text is as follows:

*"'APPLICABLE LAW / ARBITRATION'*

*This Agreement shall be governed by the laws of the State of New York. If any dispute arises concerning the interpretation and enforcement of this Agreement, such dispute shall be decided in arbitration held in New York and subject to the Rules of the Society of Maritime Arbitrators (SMA). If the parties fail to agree on the appointment of a sole Arbitrator, the dispute shall be resolved by three Arbitrators, each party appointing one Arbitrator, and if the dispute involves two parties, the third Arbitrator shall be appointed by the Arbitrators appointed by each of them. If any of the appointed arbitrators refuses the appointment or is unable to perform their duties, the party that nominated them shall appoint a new arbitrator to replace them. Any decision made by the arbitrator(s) shall be final and binding on the parties and, if necessary, this decision may be enforced by a court or any other competent authority in the same way as a judgment rendered by a court of law would be enforced. In the case of any dispute resolved in arbitration that requires the vote of the Association Administrator, the Principal who initiated the proceedings and brought the Participant to arbitration shall abstain from such voting.*

**2.   REGULATORY BASIS:**

The applicable national legislation regarding the possibility of submitting to foreign legislation and international arbitration is as follows:



2.1    Article 190 of the Constitution of the Republic of Ecuador, which recognizes arbitration as a mechanism for dispute resolution and determines that the prior ruling of the Attorney General's Office is required to agree to arbitration in public procurement.

2.2    Article 225 of the Constitution of the Republic of Ecuador, which contains details of the entities belonging to the public sector, including entities created by the Constitution or by law for the exercise of state power, the provision of public services, or the development of economic activities undertaken by the State.

2.3    Article 313 of the Constitution of the Republic of Ecuador, which classifies the transport and hydrocarbon refining sector as strategic.

2.4    Article 315 of the Constitution of the Republic, which establishes that the State shall establish public companies for the management of strategic sectors, the provision of public services, the sustainable use of natural resources or public goods, and the development of other economic activities.

2.5    Article 4, paragraph 1, of the Organic Law on Public Companies, which defines the nature of these entities.

2.6    Article 1 of Executive Decree No. 1117 of March 26, 2012, published in Official Register No. 681 of April 12 of the same year, amended by Executive Decree No. 38 of July 1, 2013, published in Official Register Supplement No. 44 of July 25 of the same month and year, which created FLOPEC, with its registered office in the city of Esmeraldas, province of Esmeraldas; and established as the corporate purpose of said company the transportation of hydrocarbons by sea to and from national and foreign ports; the provision of commercial, maritime, and river transportation services for hydrocarbons and their derivatives; and other related activities.

2.7    Article 11 of the Organic Law of the Attorney General's Office, which establishes that public sector entities may submit to national or international arbitration proceedings.

2.8    Article 4 of the Arbitration and Mediation Act, which establishes the requirements that public sector entities must meet in order to submit to arbitration.

2.9    Article 41 of the Arbitration and Mediation Act, which establishes the cases in which international arbitration may be agreed upon.



**2.10** Article 42 of the Arbitration and Mediation Law, which determines that public sector entities require a prior favorable report from the Attorney General of the State in order to submit to international arbitration.

**2.11** Paragraph 1 of Article 4 of the Organic Code of Planning and Public Finance, which states that all agencies, entities, and institutions covered by Article 225 of the Constitution of the Republic are subject to this code.

**2.12** Fifth General Provision of the Organic Code of Planning and Public Finance, which provides that the authorization of the Attorney General is essential to submit to another jurisdiction and legislation to resolve disputes relating to contracts entered into by the State or public sector agencies with foreign governments, public or private entities.

**2.13** Article 3, paragraph 11 of the Organic Functional Regulations of the Attorney General's Office, which establishes, as part of the powers of the Attorney General, the issuance of a prior favorable opinion for the signing of agreements in which public sector institutions submit to another jurisdiction and legislation for the resolution of differences or disputes.


**3.    NATURE:**

In accordance with the aforementioned regulations, as FLOPEC is a public sector entity, it must comply with the provisions set forth in the preceding section. Therefore, with regard to the draft contract that is the subject of this analysis, the authorization of the Attorney General's Office is required to agree to international arbitration and submit to foreign legislation for the resolution of disputes arising from said instrument.

**4.    ANALYSIS:**

From the review of the "*GOVERNING LAW/ARBITRATION*" clause of the Draft Contract, transcribed in section 1.3 of this official letter, which replaces clause "*41 Law and Litigation*," as indicated in your communication, the following can be inferred:

**4.1.** The contract submitted shall be governed by and construed in accordance with the laws of the State of New York. The submission to New York law is justified on the grounds that it is a neutral law unrelated to the domiciles of the parties, which is consistent with the Fifth General Provision of the Organic Code of Planning and Public Finance, which establishes that another jurisdiction and law may be accepted for the resolution of differences or disputes relating to contracts entered into by the State and public sector entities with foreign governments, public or private entities.



PROCURADURÍA GENERAL DEL ESTADO
REPÚBLICA DEL ECUADOR

*Page. 5*

**4.2.** The parties have decided to submit their disputes to international arbitration on the following terms:

    **4.2.1.** Any dispute arising in connection with the interpretation and performance of the contract shall be referred to arbitration in New York City, United States of America, in accordance with the Rules of the Society of Maritime Arbitrators (SMA).

    **4.2.2.** The dispute shall be resolved by a sole arbitrator. If the parties cannot agree on the appointment of an arbitrator, the dispute shall be resolved by three arbitrators, with each party appointing one arbitrator. If the dispute involves two parties, the third arbitrator shall be appointed by the arbitrators appointed by each of them.

    **4.2.3.** The award shall be final and binding on the parties.

**4.3.** The language of the arbitration has not been established.

**4.4.** It has not been established whether the arbitration will be in law or in equity; therefore, pursuant to the provisions of the final paragraph of Article 422 of the Constitution of the Republic, as well as Judgment No. 0001-09-SIC-CC, interpreting the aforementioned constitutional provision, issued by the Constitutional Court of Ecuador on March 13, 2009, it shall be understood that the tribunal's ruling shall be subject to the principles of transparency, fairness, and international justice.

**4.5.** AMAZONAS TANKER POOL COMPANY LLC. is headquartered in Majuro, Marshall Islands. FLOPEC is headquartered in Esmeraldas, Ecuador. Therefore, in accordance with the provisions of Article 41(a) of the Arbitration and Mediation Law, this arbitration is considered international.

**4.6.** The arbitration clause complies with the requirements established in Article 4 of the Arbitration and Mediation Act for the different entities that make up the public sector to submit to arbitration.

**4.7.** The arbitration clause analyzed does not contain conflicting provisions that could affect its interpretation as a whole or its simultaneous application, nor does it contain pathological elements that could invalidate it, which is why it is considered admissible.



**PROCURADURÍA GENERAL DEL ESTADO**
REPÚBLICA DEL ECUADOR

*Page. 6*

### 5.     RECOMMENDATIONS:

**5.1.** It is recommended that the clause "*GOVERNING LAW/ARBITRATION"* specify that notifications regarding arbitration should also be made to this Attorney General's Office.

**5.2.** It is recommended that the language in which the arbitration proceedings to be conducted under the provisions of the clause analyzed will be conducted be determined.

The legal effect of the above recommendations is not a condition that prevents the contract from being signed under the terms set forth in your request for authorization. The recommendations are the result of a technical analysis that is not mandatory and are issued in accordance with the advisory power provided for in Article 237 of the Constitution of the Republic.

### 6.     AUTHORIZATION:

In accordance with the analysis carried out and by virtue of the provisions of the regulations cited in section two of this official letter, in particular Articles 190 of the Constitution of the Republic of Ecuador; 11 of the Organic Law of the Attorney General's Office; 4 and 42 of the Arbitration and Mediation Law; and the Fifth General Provision of the Organic Code of Planning and Public Finance, the Ecuadorian Public Oil Fleet Company, EP FLOPEC, is authorized to submit to foreign legislation and agree to international arbitration in any disputes that may arise from the charter contract it will enter into with AMAZONAS TANKER POOL COMPANY LLC.

This authorization refers solely and exclusively to the provisions of the clause "*GOVERNING LAW/ARBITRATION*," which replaces clause "*41 Law and Litigation*" of the submitted draft contract. Therefore, the other financial, operational, and technical conditions, as well as compliance with the legal requirements necessary for the signing of said instrument, are the sole responsibility of FLOPEC.

In accordance with the fourth paragraph of Article 42 of the Arbitration and Mediation Law, in order to submit to international arbitration, the express authorization of the highest authority of FLOPEC must be obtained prior to the signing of said instrument.

The Attorney General's Office reserves the right to verify the final wording of the provisions that have been the subject of this authorization, for which purpose, once the instrument has been signed, a copy must be sent to this entity, together with all the documents that comprise it.



PROCURADURÍA GENERAL DEL ESTADO
REPÚBLICA DEL ECUADOR

*Page. 7*

Finally, please note that any modification to the text of the provisions subject to this authorization, or the inclusion of any stipulation that may affect its meaning, application, or scope, must be previously approved by this Attorney General's Office.

Sincerely,

PROCURADURÍA GENERAL DEL ESTADO
REPÚBLICA DEL ECUADOR

Digitally signed by
IÑIGO FRANCISCO
ALBERTO SALVADOR
CRESPO

Dr. Íñigo Salvador Crespo
**ATTORNEY GENERAL**